KLEIN, J.
Appellant was the plaintiff in an accident case who found herself, because of the absence of a key witness, facing the possibility of a directed verdict. The court suggested that plaintiff take a “voluntary nonsuit,” but counsel replied that the statute of limitations had run on this 1994 accident.
The court responded:
THE COURT: That’s a fallacy of these young lawyers who never paid attention in tort class or civil procedure. They think that the statute begins to run and when suit is filed, it continues to run.
* * *
THE COURT: The statute of limitations is just that. It’s a four-year period that allows a person within four years to bring a suit. If they bring suit today of an accident that happened January 1st 1995, they still have three years, 364 days left because it tolled the running and 20 years later if that suit is dismissed, they’ve got three years, 364 days to refile it. That was one of the courses I didn’t sleep through.
MR. MINDLIN: If your Honor directs a verdict, then the only remedy I would have is to take it up to the Fourth DCA.
THE COURT: Right.
MR. MINDLIN: So based upon what the Court is saying, I guess I have no choice but to take a nonsuit and hope that I have the right to refile.
Plaintiff filed a notice of voluntary dismissal, refiled the suit, and defendant, of course, moved to dismiss on the ground that the statute of limitations had run. The court then recognized it had given “painfully” wrong advice and dismissed the case with the following suggestion:
You can take it to the Fourth District that you relied upon my detrimental advice. It’s evident that I didn’t know what I was doing.
The trial court dismissed the action, and plaintiff appeals.
Plaintiffs counsel apparently brought this appeal hoping that we would reverse simply because he was ill-advised by the trial court, but in the absence of any authority, and his brief contains none which is relevant, we cannot. It is unfortunate that plaintiffs counsel: (1) failed to recognize that he had compelling grounds for a continuance when his primary witness on liability, an accident reconstruction expert who was under subpoena, did not show up; and (2) failed to understand such a basic concept as the running of the statute of limitations. As our supreme court observed, however, in Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68, 69 (Fla.1978):
The right to dismiss one’s own lawsuit during the course of trial is guaranteed by Rule 1.420(a), endowing a plaintiff with unilateral authority to block action favorable to a defendant which the trial judge might be disposed to approve.
[[Image here]]
The benefit of the dismissal privilege must carry with it commensurate responsibility-responsibility for counsel, as an officer of the courts, to ascertain the need for and the consequence of a voluntary dismissal before removing a client’s cause from the adjudicatory process which counsel has set in motion. Correlative with this responsibility must be the risk, like so many others which attend counsel’s judgmental decisions in the course of a trial, that the action *1066 taken may prove prejudicial to the ultimate success of the litigation. It has never been the role of the trial courts of this state to relieve attorneys of their tactical mistakes, [footnote omitted.]
Affirmed.
STEVENSON and HAZOURI, JJ., concur.