805 So.2d 1064 (2002)
The AMERICAN AUTOMOBILE ASSOCIATION., Appellant,
v.
C.D.S. TOWING & RECOVERY INC., etc., et al., Appellees.
No. 3D00-1671.
District Court of Appeal of Florida, Third District.
January 30, 2002.
*1065 Nicklaus, Hyatt & Pena, and Ronald Pena, for appellant.
Perez, Goran & Rodriguez, and William T. Goran, Coral Gables, for appellees.
Before GREEN, and SHEVIN, and RAMIREZ, JJ.
PER CURIAM.
Guillermo Durand was a member of the American Automobile Association ("AAA"). On August 21, 1996, Mr. Durand called AAA for emergency roadside assistance. After waiting more than two hours for assistance to arrive, Mr. Durand was confronted by armed robbers, who beat him and shot him in the leg. Mr. Durand filed a complaint, and eventually an amended complaint, against AAA for negligence.
AAA filed a Third Party Complaint against CDS Towing and Recovery, Noel Remedios, as trustee and last known director of CDS, and Howard Solomon, a tow truck driver employed by CDS. AAA alleged that it had a contract with CDS to provide roadside assistance to AAA members. AAA further alleged that it had contacted and informed CDS that Mr. Durand needed emergency road service, and that CDS acknowledged this information and advised that it would dispatch a tow truck to timely provide service. CDS then dispatched Mr. Solomon, who never arrived to provide service.
The Third Party Complaint filed by AAA was dismissed for failure to state a cause of action. AAA filed a Second Amended Third Party Complaint, which was also dismissed. On July 27, 1999, AAA filed a Third Amended Third Party Complaint. On August 11, 1999, CDS and Mr. Solomon filed a Motion to Dismiss Third Amended Third Party Complaint with Prejudice. On March 30, 2000, that motion was granted. On May 23, 2000, AAA filed a motion for clarification in order to determine if the dismissal applied to Mr. Remedios as well. On June 5, 2000, the trial court entered an agreed order clarifying that the March 30, 2000, order applied to all three of the third party defendants.
On June 21, 2000, AAA filed a notice of appeal from the June 5, 2000, Order on Motion for Clarification. For the following reasons, we dismiss this appeal as to third party defendants CDS and Mr. Solomon, and affirm the June 5, 2000 order as applied to Mr. Remedios.
"The time for taking an appeal is a jurisdictional requirement established by Florida Rule of Appellate Procedure 9.110(b). Where the notice of appeal is not filed within thirty days of rendition, the appellate court is precluded from exercising jurisdiction over the appeal." Tyler v. State, Governor Chiles, 718 So.2d 811, 812 (Fla. 2d DCA 1997). The trial court's order of March 30, 2000, granting the motion to dismiss plainly applied, without the need for further clarification, to CDS and Mr. Solomon. Because more than thirty days passed between the trial court's March 30, 2000, order of dismissal and the notice of appeal filed by AAA, this Court may not exercise jurisdiction over either CDS or Mr. Solomon. Id. However, as it was not clear until the trial court issued its Order on Motion for Clarification on June 5, 2000, that the order of dismissal applied *1066 to Mr. Remedios, the notice of appeal as to him was timely.
It is apparent after reading the amended complaint filed by Mr. Durand and the Emergency Road Service Agreement between AAA and CDS that the trial court correctly clarified its original order of dismissal so as to include Mr. Remedios. The Emergency Road Service Agreement contains an indemnification clause which provides:
[CDS] shall hold AAA, its affiliates and its agents, harmless against all claims or demands of members or other persons for injury to or death of persons or loss of or damage to property resulting from any carelessness, negligence, incompetency, dishonesty, or faulty equipment or workmanship alleged on the part of [CDS], its employees or agent. [CDS] will defend and indemnify AAA and its said affiliates and agents from all such claims or demands and for all losses suffered by them as a result thereof.
The Amended Complaint for Damages and Demand for Jury Trial filed by Mr. Durand did not allege any carelessness, negligence, incompetency, dishonesty, or faulty equipment or workmanship on the part of CDS, Mr. Solomon, or Mr. Remedios. Rather, the amended complaint focused solely on the alleged negligence of AAA. AAA cannot transform Mr. Durand's amended complaint into something that it is not by simply making its own allegations against CDS, Mr. Solomon, and Mr. Remedios in a third party complaint. Because Mr. Durand's amended complaint did not contain allegations against CDS, Mr Solomon, or Mr. Remedios, AAA was not entitled to indemnification from Mr. Remedios. Therefore, the trial court correctly found that its order of dismissal applied to Mr. Remedios. Accordingly, we affirm the June 5, 2000, Order on Motion for Clarification.