845 So.2d 1008 (2003)
James ASHLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-696.
District Court of Appeal of Florida, Fifth District.
May 23, 2003.
*1009 James Ashley, Lowell, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Ashley filed a notice of appeal from the trial court's summary denial of his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a); however, the notice was untimely. The rendition date of the order was January 3, 2003. The notice of appeal was served on the state on February 10, 2003 and a copy was provided to prison officials for purposes of mailing on February 9, 2003. The notice was actually filed in the lower court on February 24, 2003. In order to be within the thirty day time limit, the notice of appeal should have been filed on or before February 3, 2003. See Fla. R.App. P. 9.110(b).
Accordingly, this court ordered Ashley to show cause why his appeal should not be dismissed for lack of jurisdiction. Ashley responded that he did not receive a copy of the denial of his motion until January 27, 2003, and thus under the "mail box rule," he had thirty days from the date of its receipt in which to file his appeal.
This is not a "mail box" rule situation. The Florida Supreme Court formalized the "mail box" rule when it adopted Florida Rule of Appellate Procedure 9.420(a)(2).
A document filed by a pro se inmate confined in an institution is timely filed if the inmate places the document in the hands of an institution official for mailing on or before the last day for filing. Such a document shall be presumed to be timely filed if it contains a certificate of service certifying that the inmate placed the document in the hands of an institution official for mailing on a particular date, and if the document would have been timely filed had it been received and file-stamped by the court on that date. (emphasis added)
Applying that rule to this case, when Ashley delivered his notice of appeal to the prison officials on February 9, 2003, he was past the thirty-day deadline.
What Ashley is seeking in this case is a kind of "reverse mail box" rule which would make time deadlines for inmates run from the time a document is delivered to the prisoner by the prison officials. In his response, Ashley says he did not receive a copy of the trial court's order denying his motion until January 27, 2003, and thus his filing of the notice of appeal was timely. However, at this time, there is no such rule.
In civil cases in which a party does not receive a copy of an order or judgment from the court until after the time for filing an appeal has expired, relief has been granted by allowing the party to file a motion to set aside the judgment or order because of clerical error.[1] The lower court corrects or quashes the first order and renders another, thus allowing the thirty day time period to start running again.
This procedure might be appropriate in some criminal cases where the prisoner is not at fault. For instance if an appealable *1010 order or judgment was not delivered to the inmate by the prison officials until after the thirty day time period had expired or it was otherwise practically impossible to make a timely filing. Relief might also be appropriate by filing a petition for habeas corpus to seek a belated appeal pursuant to Rule 9.141. See Johnson v. State, 813 So.2d 230 (Fla. 1st DCA 2002); Green v. State, 804 So.2d 474 (Fla. 5th DCA 2002); Crocton v. State, 743 So.2d 1188 (Fla. 5th DCA 1999); Richardson v. State, 624 So.2d 804 (Fla. 1st DCA 1993).
Based on this record we have no recourse but to dismiss Ashley's appeal for lack of jurisdiction without prejudice to seek a belated appeal.
DISMISSED.
SAWAYA and PLEUS, JJ., concur.
NOTES
[1] See Fla. R. Civ. P. 1.540(b); Town of Hialeah Gardens v. Hendry, 376 So.2d 1162 (Fla. 1979); Gibson v. Buice, 381 So.2d 349 (Fla. 5th DCA 1980).