869 So.2d 1286 (2004)
Vernon MEKERTIN and Marilyn Mekertin, Appellants,
v.
WINN DIXIE STORES, INC., a Florida corporation, Christopher M. Geary, and Kenneth C. Jenne, II, as Sheriff of Broward County, Appellees.
No. 4D03-377.
District Court of Appeal of Florida, Fourth District.
April 21, 2004.
*1287 Stephen A. Marino, Jr. of Ver Ploeg & Lumpkin, P.A., Miami, for appellants.
Robert H. Schwartz and Alain E. Boileau of Adorno & Yoss, P.A., Fort Lauderdale, for appellee Winn Dixie Stores, Inc., a Florida corporation.
Bruce W. Jolly and Adriana Jisa of Purdy, Jolly & Giuffreda, P.A., Fort Lauderdale, for appellees Christopher M. Geary and Kenneth C. Jenne, II, as Sheriff of Broward County.
GROSS, J.
Vernon and Marilyn Mekertin appeal an order granting motions to dismiss their multi-count complaint as barred by the applicable statutes of limitation. In this appeal, they challenge the propriety of orders dismissing a previous case for failure to comply with Florida Rule of Civil Procedure 1.070(j). Because we do not have jurisdiction to review the orders from the earlier case, we affirm.
In August 1996, the Mekertins were arrested and charged with trespass after warning and resisting arrest. The arrests arose out of their conduct in a Winn Dixie supermarket. Vernon Mekertin was found not guilty of the crimes and Marilyn Mekertin's criminal charge was dismissed.
In August 1999, the Mekertins filed a complaint in federal court against the Sheriff of Broward County and Winn Dixie, alleging multiple violations of 42 U.S.C. § 1983 and fifteen claims under state law. In July 2001, the federal district court granted partial summary judgment for the defendants; because only state law claims remained, the court dismissed them without prejudice to re-file in state court. The Mekertins appealed the district court's order.
The Mekertins also filed a twenty-one count complaint in state court on August 13, 2001. On February 27 and 28, 2002, the circuit court entered orders for the Mekertins to show good cause as to why their case should not be dismissed for lack of service. After a hearing, on March 18, 2002, the circuit court extended the date of service for 120 days.
*1288 In July 2002, Winn Dixie and the Sheriff moved to dismiss the complaint for the failure to serve them within the time parameters of the March 18th order. On July 22, 2002, the circuit court dismissed the case without prejudice under rule 1.070(j). Subsequently, on August 6, 2002, the court denied the Mekertins' motion to vacate that order.
The Mekertins may have had a basis to appeal the August 6th order, given their pending appeal in the related federal case. However, they filed no notice of appeal directed at either the July 22nd or the August 6th orders.
Instead, on August 8, 2002, the Mekertins filed a new case in state court containing the same twenty-one counts that had been dismissed.
Winn Dixie and the Sheriff moved to dismiss because the re-filed complaint demonstrated on its face that the applicable statutes of limitation had run. The trial court granted the motions to dismiss in January 2003.
In this appeal, the Mekertins challenge the propriety of the circuit court's July 22 and August 6, 2002 orders dismissing the case under rule 1.070(j). However, because those orders were not timely appealed, this court is without jurisdiction to review them. See Fla. R.App. P. 9.110(b); A.G. v. Dep't of Children & Family Servs., 745 So.2d 1158, 1159 (Fla. 4th DCA 2000); Forszpaniak v. Forszpaniak, 775 So.2d 352, 352-53 (Fla. 2d DCA 2000).
Even though the July 22nd dismissal was without prejudice to the re-filing of a new lawsuit, the order was nonetheless an appealable order. See Silvers v. Wal-Mart Stores, Inc., 763 So.2d 1086 (Fla. 4th DCA 1999). It is clear that the order was intended to be without prejudice to file another action, rather than to amend the complaint in the first action. See Carlton v. Wal-Mart Stores, Inc., 621 So.2d 451, 452 (Fla. 1st DCA 1993). Likewise, the Mekertins could have appealed the August 6th order denying their motion to vacate. See Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379, 380 (Fla. 4th DCA 1971).
"The time for taking an appeal is a jurisdictional requirement established by Florida Rule of Appellate Procedure 9.110(b). Where the notice of appeal is not filed within thirty days of rendition, the appellate court is precluded from exercising jurisdiction over the appeal." Am. Auto. Ass'n v. C.D.S. Towing & Recovery Inc., 805 So.2d 1064, 1065 (Fla. 3d DCA 2002) (quoting Tyler v. State, Governor Chiles, 718 So.2d 811, 812 (Fla. 2d DCA 1997)).
The Mekertins make the equitable argument that they should not be penalized for following the instructions of the trial judge, who told them on July 22nd that they could re-file their lawsuit after the dismissal. We rejected a similar equitable argument in Godfrey v. Carlon, Inc., 760 So.2d 1064 (Fla. 4th DCA 2000). Like the Mekertins, the Godfrey plaintiff's lawsuit was dismissed on statute of limitations grounds. The plaintiff had taken a "voluntary nonsuit" of the first case after the trial judge incorrectly told her lawyer that the statute of limitations would not be a problem. Id. at 1065. We held that the trial court's bad advice did not relieve the plaintiff from the operation of the statute of limitations. Similarly, what the trial judge may have said in this case does not confer jurisdiction upon this court to review orders for which no notices of appeal were filed.
AFFIRMED.
WARNER and STEVENSON, JJ., concur.