SHARP, W., J.,
dissenting.
Because Rohn’s notice of appeal from the trial court’s order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850 was untimely, I would dismiss this appeal and not reach the merits.
On August 31, 2005, the trial court rendered its denial of Rohn’s motion. Under the mailbox rule,[1] Rohn had 30 days in which to file his notice of appeal — September 30th. He did not file his notice of appeal, under the mailbox rule, until October 3, 2005.
Responding to this court’s show cause order as to why the appeal should not be dismissed for lack of jurisdiction, Rohn responded he did not receive a copy of the trial court’s order denying relief until September 6, 2005, and, thus, he had 30 days following that day in which to file his notice of appeal.
This is a type of reverse mailbox rule, which does not exist. However, relief may be appropriate in some circumstances. Thus, in my view, the proper course for this court to take is to dismiss this appeal without prejudice to Rohn to seek a belated appeal. See Ashley v. State, 845 So.2d 1008 (Fla. 5th DCA 2003).

. See Pagan v. State, 899 So.2d 1203 (Fla. 2d DCA 2005) (explaining that under the mailbox rule a pro se inmate’s document is deemed filed when the inmate entrusts the document to prison officials for delivery).