PER CURIAM.
 

 Appellant seeks review of a final judgment in a paternity and child support case. We dismiss the appeal as untimely for the reasons that follow.
 

 The final judgment was entered by the circuit court in Gadsden County on September 16, 2010. Appellant filed a timely motion for rehearing, which was denied by the trial court on September 30, 2010. Appellant then filed a second motion for rehearing, which was denied on October 13, 2010. Thereafter, on November 3, 2010, Appellant filed a notice of appeal in
 
 *20
 
 the Second District Court of Appeal. The notice of appeal containing the date-stamp by the clerk of the Second District was then filed in this court on November 16, 2010. (The notice of appeal was apparently returned to Appellant by the Second District and then filed by Appellant with this court.)
 

 In response to our order to show cause why this appeal should not be dismissed as untimely, Appellant argued that the notice of appeal was timely filed in the Second District. Appellant correctly focuses on the date that the notice of appeal was filed in the Second District, but his argument is premised upon the erroneous assumption that the deadline for the appeal ran from the date that the second motion for rehearing was denied.
 

 The notice of appeal should have been filed in the Gadsden County circuit court, not this court (and certainly not the Second District).
 
 See
 
 Fla. R.App. P. 9.110(b). However, the filing of a notice of appeal in the wrong court is not a jurisdictional defect.
 
 See Kaweblum v. Thornhill Estates Homeowners Ass’n, Inc.,
 
 755 So.2d 85, 88 (Fla.2000);
 
 Alfonso v. Dept, of Envtl. Reg.,
 
 616 So.2d 44, 47 (Fla.1993). The notice is considered to have been filed in the proper court as of the date that it was filed in the wrong court, which in this case is November 3, 2010.
 
 See Alfonso,
 
 616 So.2d at 47. But, even using that date, the notice of appeal was untimely.
 

 A notice of appeal must be filed within 30 days after rendition of the order to be reviewed.
 
 See
 
 Fla. R.App. P. 9.110(b). Here, the final judgment was rendered on September 30, 2010, when Appellant’s first motion for rehearing was denied.
 
 See
 
 Fla. R.App. P. 9.020(h)(1). The second motion for rehearing was unauthorized and did not further delay rendition of the final judgment.
 
 Id.; see also Johnson v. Johnson,
 
 902 So.2d 241, 244 (Fla. 1st DCA 2005);
 
 De Ardila v. Chase Manhattan Mortgage Corp.,
 
 826 So.2d 419, 421 (Fla. 3d DCA 2002).
 

 The 30th day after rendition of the final judgment was Saturday, October 30, 2010. Thus, the deadline for filing the notice of appeal was Monday, November 1, 2010.
 
 See
 
 Fla. R.App. P. 9.420(f). Appellant’s notice of appeal was not filed until November 3, 2010, which is two days late.
 

 The filing deadline is jurisdictional, and the untimely filing of a notice of appeal precludes the court from exercising jurisdiction over the appeal.
 
 Peltz v. Dist. Court of Appeal, Third Dist.,
 
 605 So.2d 865, 866 (Fla.1992);
 
 see also Mekertin v. Winn Dixie Stores, Inc.,
 
 869 So.2d 1286, 1288 (Fla. 4th DCA 2004) (“The time for taking an appeal is a jurisdictional requirement established by Florida Rule of Appellate Procedure 9.110(b). Where the notice of appeal is not filed within thirty days of rendition, the appellate court is precluded from exercising jurisdiction over the appeal.”). Accordingly, we must dismiss this appeal for lack of jurisdiction.
 

 DISMISSED.
 

 BENTON, C.J., PADOVANO and WETHERELL, JJ., concur.