PER CURIAM.
Roger Griffis appeals the final administrative order of the Florida Department of Business and Professional Regulation, Construction Industry Licensing Board (“DBPR”) rendered on January 26, 2010. The order revoked two licenses the Department had previously issued to Griffis, imposed a fine and ordered Griffis to pay restitution to a customer. Dep’t Bus. & Prof'l Regulation v. Griffis, DBPR case no. 2007-040723.
Griffis did not file his notice of appeal until October 15, 2010. He argues that his late filing should be excused because he did not learn of the final order until October, 2010 due to the Department’s failure to deliver a copy of the order to the state correctional facility where he was serving unrelated sentences at the time the order was issued.
The limitations period for the filing of a notice of appeal of administrative action is jurisdictional. Fla. R.App. P. 9.110(b); Fire & Cas. Ins. Co. of Connecticut v. Sealey, 810 So.2d 988, 990 (Fla. 1st DCA 2002). When the notice of appeal is not filed within 30 days of rendition, “the untimely filing ... precludes the court from exercising jurisdiction over the appeal.” Pennywell v. Dep’t of Revenue ex rel. Woodard, 62 So.3d 19, 20 (Fla. 1st DCA 2011); see also Mekertin v. Winn Dixie Stores, Inc., 869 So.2d 1286, 1288 (Fla. 4th DCA 2004). Because an appellate court has no jurisdiction to consider a late-filed appeal, it must dismiss the appeal. Tyler v. Chiles, 718 So.2d 811 (Fla. 2d DCA 1998).
In addition, Griffis’ failure to timely file his notice of appeal cannot be excused due to his incarceration because as a licensee of the Department he had a statutory duty to keep the Department apprised of his current mailing address. See §§ 455.275 & 489.124, Fla. Stat. Having failed to do so, Griffis cannot now complain that the Department failed to provide him with notice of entry of the order and of his time limit for appealing the order. As provided in section 455.275(2), Florida Statutes, “service by regular mail to a licensee’s last known address of record with the department constitutes adequate and sufficient notice to the licensee for any official communication to the licensee by the board or the department except where other service is required pursuant to s. 455.225.” Here, the Department mailed its final order to the last known address of record for Grif-fis and the time for Griffis to file an appeal was not tolled by any requirement that the Department conduct an additional search for his mailing address or whereabouts.
DISMISSED.
THOMAS, ROBERTS, and CLARK, JJ., concur.