# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-0715
_____

OMAR ELMOUKI,

    Appellant,

    v.

DEPARTMENT OF
TRANSPORTATION,

    Appellee.

_____

On appeal from an order of the Florida Department of
Transportation.

July 9, 2018

PER CURIAM.

Appellant seeks review of the letter issued by the
Commercial Motor Vehicle Review Board[*] rejecting his challenge
to one of the two citations he received while operating a

_____

    [*] The Review Board was created within the Department of
Transportation and has the authority to "review any penalty
imposed upon any vehicle or person under the provisions of
[chapter 316] relating to weights imposed on the highways by the
axles and wheels of motor vehicles, to special fuel and motor fuel
tax compliance, or to violations of safety regulations." §
316.545(7), Fla. Stat.

commercial motor vehicle. We do not have jurisdiction to consider the appeal because Appellant's notice of appeal was not timely filed. Accordingly, we dismiss this appeal.

By letter dated January *18*, 2018, the Review Board informed Appellant that he was entitled to a refund for one of the citations but that he was entitled to "No Relief" for the other citation. *See* § 316.545(8), Fla. Stat. ("[T]he review board is authorized to modify, cancel, revoke, or sustain such penalty."). The letter—which constitutes final agency action, *see* Fla. Admin. Code R. 14A-1.004(7) ("The Review Board's decision . . . will be final.")—was accompanied by a "Notice of Right to Appeal" stating that the letter may be appealed to a district court of appeal "within thirty (30) days of rendition of this order." The letter includes what appears to be an electronic file-stamp showing that it was filed with the clerk of the Department of Transportation on "1/*17*/2018 4:14 PM" (emphasis added).

Appellant filed his notice of appeal on February 19, 2018. Because the notice was filed more than 30 days after the date the letter was filed with the clerk of the Department, we ordered Appellant to show cause why this appeal should not be dismissed as untimely. In response, Appellant argued that the appeal was timely because the thirtieth day after the date of the letter was Saturday, February 17, and the notice of appeal was filed on the next business day.

The problem with Appellant's argument is that the 30-day period for filing the notice of appeal did not commence on the date of the letter; instead, the period commenced when the letter was "rendered" by filing with the clerk of the Department. *See* § 120.68(2)(a), Fla. Stat. ("All proceedings [for judicial review] shall be instituted by filing a notice of appeal or petition for review in accordance with the Florida Rules of Appellate Procedure within 30 days after the *rendition* of the order being appealed.") (emphasis added); Fla. R. App. P. 9.020(i) ("An order is rendered when a signed, written order is filed with the clerk of the lower tribunal."). Accordingly, the period for filing the notice of appeal commenced on January 17 and expired on Friday, February 16— three days before Appellant's notice was filed.

Where, as here, the notice of appeal was not timely filed, we have no choice but to dismiss the appeal for lack of jurisdiction. *See Peltz v. Dist. Court of Appeal, Third Dist.*, 605 So. 2d 865, 866 (Fla. 1992) ("The untimely filing of a notice of appeal precludes the appellate court from exercising jurisdiction."); *Griffis v. Dep't of Bus. & Prof. Reg.*, 90 So. 3d 320, 321 (Fla. 1st DCA 2012) ("Because an appellate court has no jurisdiction to consider a late-filed appeal, it must dismiss the appeal."). That said, we recognize the potential confusion caused by the Review Board's letter being dated the day *after* it was filed with the clerk of the Department. *See Pompi v. City of Jacksonville*, 872 So. 2d 931, 932 (Fla. 1st DCA 2004) (reversing order denying motion to vacate final judgment where the file-stamps on the judgment included inconsistent dates that caused the appellant to miss the deadline for filing a notice of appeal). However, any relief to which Appellant may be entitled based on the conflicting dates must be sought from the Review Board in the first instance. *See Durando v. Palm Beach Cty.*, 719 So. 2d 1258 (Fla. 1st DCA 1998); *W.T. Holding, Inc. v. Agency for Health Care Admin.*, 682 So. 2d 1224, 1225 (Fla. 4th DCA 1996).

Accordingly, for the reasons stated above, this appeal is dismissed. The dismissal is without prejudice to Appellant's right to petition the Review Board to vacate and reissue the letter.

DISMISSED.

ROBERTS, WETHERELL, and OSTERHAUS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Omar Elmouki, pro se, Appellant.

3

Marc Peoples, Department of Transportation, Tallahassee, for Appellee.