IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

LIDESMOND BAKER,

      Appellant,

  v.

Case No.  5D22-1963
LT Case No. 2020-10883-CIDL

VOLUSIA COUNTY SHERIFF'S OFFICE,

      Appellee.

_____/

Opinion filed March 3, 2023

Appeal from the Circuit Court
for Volusia County,
Kathryn D. Weston, Judge.

Lidesmond Baker, Trenton, pro se.

Peter McGlashan, of County of
Volusia Legal Department, Deland,
for Appellee.


PER CURIAM.

      Lidesmond Baker appeals the final summary judgment entered against

him and in favor of Appellee, Volusia County Sheriff's Office, on Appellee's

complaint for forfeiture.  The trial court's final judgment was rendered on July

1, 2022, when the signed, written judgment was filed with the clerk of the circuit court. *See* Fla. R. App. P. 9.020(h) (defining "[r]endition of an [o]rder"). Baker, a pro se inmate, filed his notice of appeal on August 9, 2022, as reflected by the stamp of the Lancaster Correctional Institution on the notice bearing that date and initialed by Baker. *See* Fla. R. App. P. 9.420(a)(2)(A).

To invoke the jurisdiction of this court to review the final judgment in this case, Baker's notice of appeal must have been filed with the clerk of the circuit court within thirty days of rendition of the final judgment. *See* Fla. R. App. P. 9.110(b). As the notice of appeal was not filed within thirty days, we are precluded from exercising jurisdiction; and the appeal must be dismissed. *See Pennywell v. Dep't of Rev. ex rel. Woodard*, 62 So. 3d 19, 20 (Fla. 1st DCA 2011) ("The filing deadline is jurisdictional, and the untimely filing of a notice of appeal precludes the [appellate] court from exercising jurisdiction over the appeal." (citing *Peltz v. Dist. Ct. of Appeal, Third Dist.*, 605 So. 2d 865, 866 (Fla. 1992); *Mekertin v. Winn Dixie Stores, Inc.*, 869 So. 2d 1286, 1288 (Fla. 4th DCA 2004))).

APPEAL DISMISSED

MAKAR and JAY, JJ., concur.
LAMBERT, C.J., concurs specially, with opinion.

2

LAMBERT, C.J., concurring specially.　　Case No. 22-1963
　　　　　　　　　　　　　　　　　　　　　LT Case No. 2020-10883-CIDL

I concur with the majority opinion. We are required to dismiss this otherwise meritless appeal of a properly entered final summary judgment because our jurisdiction was not timely invoked.

I write briefly to discourage the practice used by the trial court in this case where the court, in the certificate of service of its July 1, 2022 final judgment, directed that copies of the judgment be sent to parties of record by eService and that the Volusia County Sheriff's Office also "serve" Baker with a copy of the judgment "and file proof thereof."

I have no quarrel with serving a copy of the judgment by eService. However, there is no indication in our brief record that Baker, who is presently incarcerated in the Department of Corrections, had an eService address, nor is it likely that he does. Thus, Baker had to rely on opposing counsel to obtain a copy of the final judgment. Our record shows that counsel filed a certificate, dated July 6, 2022, representing that he mailed a copy of the July 1, 2022 judgment to Baker at the Lancaster Work Camp address in Trenton, Florida, which is Baker's address as indicated in his pro se notice of appeal.

I do not question that counsel did as directed. Moreover, when Baker may have actually received his copy of the final judgment is not dispositive

3

because, as the majority correctly holds, the time to file a notice of appeal runs from the date that the order is rendered, not the date that the order is received by the inmate appellant. *See Ashley v. State*, 845 So. 2d 1008, 1009 (Fla. 5th DCA 2003).

Whether the procedure used by the trial court provides Baker with some later avenue to move to set aside the current judgment and pursue an appeal of an order entered on that motion is not before us. Nevertheless, as the procedure used here brings into play matters that are wholly avoidable, I urge trial courts not to place a duty on counsel to serve an opposing pro se inmate party with copies of orders or judgments.