DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**U.S. BANK, NATIONAL ASSOCIATION,** as Securities Intermediary, and
**VIVA CAPITAL 3 L.P.,**
Appellants,

v.

**ESTATE OF MARVIN DIAMOND,** by and through its Executor,
**MAYER GREGG DIAMOND,**
Appellee.

No. 4D2024-1693

[July 30, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Carolyn Bell, Judge; L.T. Case No. 50-2021-CA-004791-XXXX-MB.

Jonathan B. Morton of K&L Gates LLP, Miami, and Khai LeQuang of Orrick, Herrington & Sutcliffe LLP, Irvine, California, for appellants.

Gregory J. Star and Joseph M. Kelleher of Cozen O'Connor, Philadelphia, Pennsylvania, and Ashley Gomez-Rodon of Cozen O'Connor, Miami, for appellee.

***ON APPELLEE'S MOTION TO DISMISS***

DEPRIMO, NATASHA, Associate Judge.

Appellants, U.S. Bank, National Association and Viva Capital 3 L.P. ("U.S. Bank/Viva"), appeal the trial court's order and final judgment in favor of the Appellee, the Estate of Marvin Diamond ("the Estate"), ordering U.S. Bank/Viva to pay the Estate the death benefits from a "stranger-originated" life insurance policy. The Estate now moves to dismiss the appeal for lack of jurisdiction, arguing U.S. Bank/Viva's motion for rehearing failed to satisfy the tolling requirements under Florida Rules of Appellate Procedure 9.020(h)(2) and 9.110(b). For the reasons set forth below, we grant the Estate's motion and dismiss the appeal for lack of jurisdiction.

On September 15, 2023, the trial court granted the Estate's motion for summary judgment and denied U.S. Bank/Viva's cross-motion for summary judgment. On November 6, 2023, the Estate filed a motion for entry of final judgment. After a hearing, the trial court entered the final judgment on December 13, 2023.

On December 28, 2023, U.S. Bank/Viva filed a "Motion for Rehearing of the Court's Order Granting Plaintiffs' Motion for Summary Judgment and Denying Defendants' Motion for Partial Summary Judgment and Entry of Final Judgment (the 'September 15 Order') (Dkt. 218)." The trial court denied the motion for rehearing on June 26, 2024. In the June 26, 2024 order denying rehearing, the trial court included the following footnote:

> The Motion specifically seeks rehearing of the Court's September 15, 2023 Order. If, in fact, the Viva Parties intended to seek rehearing of this Order, their Motion is untimely and incorrectly filed as the September 15 Order was not a Final Order, and the time for filing under Rule 1.530 has long passed. Since the Court's December 13, 2023 Final Judgment incorporates the September 15 Order, the Court chooses to treat the reference to the September 15 Order as akin to a scrivener's error, and address the instant Motion as a timely filed Motion for Rehearing of the December 13 Judgment pursuant to Rule 1.530.

On July 1, 2024, U.S. Bank/Viva filed a notice of appeal.

Florida Rule of Appellate Procedure 9.110(b) governs appeals of final orders and provides that "[j]urisdiction of the court under this rule must be invoked by filing a notice with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed." The filing of a timely and authorized motion for rehearing directed at the final order will toll the time for filing the notice of appeal. *See* Fla. R. App. P. 9.020(h)(1)–(2). A motion for rehearing directed at a nonfinal order, however, will not toll the time for filing a notice of appeal directed at a final order. *See Nat'l Assurance Underwriters, Inc. v. Kelley*, 702 So. 2d 614, 615 (Fla. 4th DCA 1997) ("The order denying the summary judgment is a non-final order. Rehearing does not toll the time for the appeal of a non-final order." (citation omitted)); *Wagner v. Bieley, Wagner & Assocs., Inc.*, 263 So. 2d 1, 4 (Fla. 1972) (holding that a motion for rehearing directed to a non-final order is not an authorized motion and "cannot operate to toll the time for filing an interlocutory appeal"). This is true even if the trial court entertains the motion. *See Potucek v. Smeja*, 419 So. 2d 1192, 1194 (Fla. 2d DCA 1982)

("[Appellant's] filing of a motion for rehearing, even though the trial court entertained it, did not toll the time for taking an appeal.").

Here, U.S. Bank/Viva's December 28, 2023, motion sought rehearing of the trial court's September 15, 2023 nonfinal order granting summary judgment. Not only did U.S. Bank/Viva specifically reference the September 2023 order in the motion's title, but they also specifically requested in the motion's body that the trial court "grant their Motion for Rehearing of the September 15 Order." Although the trial court chose to treat U.S. Bank/Vivas' December 28, 2023, motion as a timely filed motion for rehearing of the December 13, 2023, final judgment, the trial court's choice does not confer jurisdiction on this court. Accordingly, U.S. Bank/Viva's notice of appeal is untimely and we are compelled to dismiss the appeal for lack of jurisdiction. *See Mekertin v. Winn Dixie Stores, Inc.*, 869 So. 2d 1286, 1288 (Fla. 4th DCA 2004) ("The time for taking an appeal is a jurisdictional requirement established by Florida Rule of Appellate Procedure 9.110(b). Where the notice of appeal is not filed within thirty days of rendition, the appellate court is precluded from exercising jurisdiction over the appeal." (quoting *Am. Auto. Ass'n v. C.D.S. Towing & Recovery Inc.*, 805 So. 2d 1064, 1065 (Fla. 3d DCA 2002))).

*Dismissed.*

CIKLIN and LEVINE, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

3