# Third District Court of Appeal

## State of Florida

Opinion filed November 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1214
Lower Tribunal No. 22-23716-CA-01
_____

**Lumech, Inc., etc., et al.,**
Appellants,

vs.

**Union Venture Trading S.A., etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Valerie Manno Schurr, Judge.

Giasi Law, P.A., Melissa A. Giasi, and Albert A. Zakarian (Tampa), for appellants.

ALGO Law Firm, LLP, and Ignacio M. Alvarez, and Gavin Sinclair, for appellee.

Before SCALES, C.J., and MILLER, and GOODEN, JJ.

MILLER, J.

In this garden-variety contract dispute over frozen chicken parts, appellant, Lumech, Inc., appeals from a final judgment awarding appellee, Union Venture, damages following a nonjury trial. Lumech raises a myriad of issues on appeal. Union Venture, in turn, contends we lack jurisdiction to adjudicate the merits because the appeal is untimely. For the reasons below, we agree and therefore dismiss.

## I

Union Venture executed a contract to purchase frozen chicken feet and paws from Lumech. Union Venture wired a substantial sum of money, but Lumech neither delivered the chicken parts nor returned the money. Union Venture filed a multi-count complaint against Lumech and its Chief Executive Officer, Rene Gonzalez.

Both Lumech and Gonzalez failed to file any papers, and Union Venture obtained a clerical default and a default final judgment as to liability. Some two weeks later, Lumech and Gonzalez moved to vacate the default and default final judgment. The trial court denied the motion without prejudice because the motion failed to raise a meritorious defense. Fifty-nine days after the court denied the motion to vacate, Lumech and Gonzalez filed a successive motion to vacate and a motion to dismiss for lack of subject

matter jurisdiction.  Citing the lapse of time, the trial court denied the motion to vacate.

The parties proceeded to trial.  The court suspended the trial to allow the attorneys to research the application of mitigation of damages in the context of a default judgment of liability.

Shortly before the trial was slated to reconvene, Lumech and Gonzalez filed emergency motions for continuance, to vacate the order granting a nonjury trial, and to quash service of process, or, alternatively, to grant the motion to vacate the default.

The trial court denied the motion to quash, and Lumech appealed.  On April 6, 2024, the trial court issued written factual findings and entered a final judgment for damages against Rene Gonzalez; the court, however, reserved ruling as to Lumech pending the outcome of the appeal.  On April 22, 2024, both Lumech and Gonzalez filed a motion for rehearing.

We later affirmed the denial of the motion to quash, citing collected cases holding that the failure to raise defects in the service of process at the first opportunity constitutes a waiver.  See Lumech, Inc. v. Union Venture Trading S.A., 390 So. 3d 209 (Fla. 3d DCA 2024).

3

On June 5, 2024, the trial court once again issued factual findings and further entered a final judgment against Lumech for breach of contract and Gonzalez for fraudulent inducement.

On July 8, 2024, Lumech appealed the judgment dated June 5, 2024. It then filed an amended notice of appeal on the same day, directed at the judgment dated April 6, 2024. The trial court subsequently denied the motion for rehearing.

## II

The time parameters established for filing an appeal in Florida Rule of Appellate Procedure 9.110(b) are jurisdictional. See Am. Auto. Ass'n v. C.D.S. Towing & Recovery, Inc., 805 So. 2d 1064, 1065 (Fla. 3d DCA 2002). Consistent with this principle, "[w]here the notice of appeal is not filed within thirty days of rendition, the appellate court is precluded from exercising jurisdiction over the appeal." Id. (citation omitted).

Time computations are governed by the Florida Rules of General Practice and Judicial Administration. See Fla. R. Gen. Prac. & Jud. Admin. 2.514(a)(1)(A)-(C). When counting time for periods exceeding seven days, the day of the event triggering counting is excluded. See Fla. R. Gen. Prac. & Jud. Admin. 2.514(a)(1)(A). Every subsequent calendar day is counted, including weekends and holidays. See Fla. R. Gen. Prac. & Jud. Admin.

4

2.514(a)(1)(B). The rules contemplate one exception—if the last day falls on a Saturday, Sunday, or legal holiday, the period ends on the next business day. See Fla. R. Gen. Prac. & Jud. Admin. 2.514(a)(1)(C).

Here, the April 6, 2024, order was nonfinal, as further judicial labor remained. In this vein, it was devoid of any words of finality and the trial court expressly reserved ruling against Lumech. Consequently, the motion for rehearing did not toll rendition. See Concierge Auctions, LLC v. Coldwell Banker Residential Real Est., LLC, 394 So. 3d 119, 125 (Fla. 3d DCA 2024).

In contrast, the June 5, 2024, order was final. It entered judgment against Lumech and ended judicial labor. It was incumbent upon Lumech, therefore, to appeal within thirty days. The thirtieth day fell on July 5, 2024. July 5, 2024, was not a state court holiday, nor was it designated by the chief judge as court holiday. Because Lumech's notice of appeal and amended notice of appeal were both filed on July 8, 2024, they were untimely. Accordingly, we lack jurisdiction to adjudicate this appeal.

Appeal dismissed.