PER CURIAM.
The state appeals from a sentence which was less than that recommended under the sentencing guidelines. We agree that no basis existed for departing from the guideline recommendation and reverse.
In 1984 appellee Steven Raskiewicz pled guilty to burglary, grand theft, and arson, and was placed on probation. Within a few months an affidavit of violation was filed alleging that Raskiewicz had failed to report to his probation officer as directed. At some point after a warrant had issued Raskiewicz did contact the probation officer, but when apprised of the warrant Raskiewicz absconded to California. He remained there for four years until his arrest on the outstanding warrant.
Raskiewicz admitted the violation and was sentenced August 3,1988. The recommended sentence fell within the five year range, with the court having the option of enhancing the sentence one cell due to the violation of probation. Fla.R.Crim.P. 3.701(d)(14); 3.988(i). Instead the court restored Raskiewicz to probation, adding the special condition that he serve 364 days in jail.
The court gave three reasons for mitigating the recommended sentence, none of which are valid:
(1) Physical impairment. At sentencing Raskiewicz asserted that he was “legally blind,” thus unable to obtain employment, and as a result had spent most of his time in California on welfare. These facts are not unlike those in State v. Thomas, 516 So.2d 1058 (Fla. 3d DCA 1987), where in the court stated that being blind in one eye was an insufficient basis for granting a lesser sentence. While Raskiewicz’s infirmity was not disputed, the record in the present case dispels any suggestion that it presented a significant impediment to his ability to maintain gainful, lawful employment. Raskiewicz admitted, in response to questioning from the court, that he had held jobs when residing in Florida, and the court expressed her opinion that Raskiew-icz had “used” the impairment. This being *1219 the case, Raskiewicz’s impaired vision was irrelevant to the appropriateness of the guideline recommendation.
(2) Defendant’s age. At the time he appeared before the court to answer for his violation of probation Raskiewicz was 23 years old. An offender’s youthfulness alone will not support mitigation of a guideline sentence unless additional factors, such as lack of ordinary intelligence or marked emotional immaturity, also are present. State v. Riley, 530 So.2d 1081 (Fla. 3d DCA 1988). Nothing in the record before us indicates that Raskiew-icz’s unremarkable age affected his ability to conform to the requirements of the law.
(3) “No [new] violation of law. ” The trial court appears to have attached significance to the fact Raskiewicz committed no additional crimes after he was placed on probation. Absence of criminal activity is an invalid reason for a sentence departure. State v. Green, 511 So.2d 734 (Fla. 2d DCA 1984). The guideline scoresheet takes into consideration any such misconduct or lack thereof. Sanders v. State, 510 So.2d 296 (Fla.1987).
We reverse the trial court’s order restoring Raskiewicz to probation with special conditions and direct the imposition of a sentence within the recommended guideline range. Shull v. Dugger, 515 So.2d 748 (Fla.1987).
CAMPBELL, C.J., and DANAHY and SCHOONOVER, JJ., concur.