718 So.2d 811 (1997)
Don R. TYLER, Appellant,
v.
STATE of Florida-GOVERNOR Lawton CHILES and Department Of Insurance-Tom Gallagher, and Florida Division of Risk Management-Director R.J. Castellanos, and Florida Division of Insurance Fraud-Director Frank Doolittle, and Florida Department of Agriculture and Consumer Services-Commissioner Bob Crawford, and Florida Department of Forestry-Director L. Earl Peterson, and Crawford and Company-CEO Forrest Minnix, and William L. Earp, M.D., and William A. Friedman, M.D., and J. Mason Wines, attorney-at-law, Appellees.
No. 96-04302.
District Court of Appeal of Florida, Second District.
November 19, 1997.
Rehearing Denied January 14, 1998.
*812 BY ORDER OF THE COURT:

ORDER DISMISSING APPEAL
Don Tyler appeals a final order dismissing his second amended complaint with prejudice, which was filed on February 23, 1996. Tyler filed his notice of appeal on September 30, 1996. Because the notice was untimely, we dismiss the appeal for lack of jurisdiction.
The time for taking an appeal is a jurisdictional requirement established by Florida Rule of Appellate Procedure 9.110(b). Where the notice of appeal is not filed within thirty days of rendition, the appellate court is precluded from exercising jurisdiction over the appeal. See Peltz v. District Court of Appeal, Third Dist., 605 So.2d 865, 866 (Fla. 1992); Apone v. Green, 249 So.2d 488, 488 (Fla. 2d DCA 1971).
The determinative issue in this case centers on the rendition date of the February 23, 1996, order. Tyler argues that his motion for clarification filed February 28, 1996, delayed rendition of the order. However, Tyler's motion for clarification was not an "authorized" motion that would delay rendition of the final order. See Fla. R.App. P. 9.020(h); see also Wagner v. Bieley, Wagner & Associates, Inc., 263 So.2d 1, 3 (Fla.1972) (holding that an unauthorized motion not permitted under the rules has no effect on rendition); Adventist Health System/Sunbelt Inc. v. Kiss, 510 So.2d 971, 971 (Fla. 5th DCA 1987).
While Florida Rule of Appellate Procedure 9.020(h) was amended in 1992 to ensure that motions for clarification were included in those types of motions that delay rendition, the motion for clarification referred to in the rule is the appellate motion for clarification under Florida Rule of Appellate Procedure 9.330. See Committee Notes to Rule 9.020, subdivision (g), (1995). The Florida Rules of Civil Procedure do not authorize the filing of a motion for clarification.
Thus, the only way that Tyler's motion for clarification would be an "authorized" motion that would delay rendition would be if it were deemed to be a motion for rehearing. See Fla. R. Civ. P. 1.530 (1996). However, Tyler's motion for clarification cannot be considered a motion for rehearing because he failed to raise any matters that were not previously considered. See Diamond Cab Co. of Miami v. King, 146 So.2d 889, 891 (Fla.1962).
Nevertheless, this court recognizes that rendition of the February 23, 1996, final order was delayed through a different method. Judge J. Dale Durrance, who entered the February 23, 1996, final order, subsequently was disqualified.
On June 14, 1996, Tyler filed a timely motion for reconsideration. This motion effectively revived the trial court's jurisdiction over the case for the limited purpose of reconsidering previous judicial orders entered by Judge Durrance. See § 38.07, Fla. Stat. (1995); Fla. R. Jud. Admin. 2.160(h).
The case was reassigned to Judge Robert A. Young. Judge Young granted Tyler's motion for reconsideration, and on July 22, 1996, entered an order which essentially affirmed Judge Durrance's previous final order. Once Judge Young's order dated July 22, 1996, was filed, the trial court's substantive jurisdiction evaporated and the February 23, 1996, order was rendered. See State *813 ex rel. Cantera v. District Court of Appeal, 555 So.2d 360 (Fla.1990).
Tyler was required to file his notice of appeal within thirty days of Judge Young's order dated July 22, 1996. Because Tyler did not file his notice of appeal until September 30, 1996 this court is without jurisdiction. See Janelli v. Pagano, 492 So.2d 796 (Fla. 2d DCA 1986). Accordingly, this appeal is hereby dismissed.
PARKER, C.J., and PATTERSON and NORTHCUTT, JJ., concur.