755 So.2d 647 (1999)
STATE of Florida, Appellant,
v.
Steven SKIDMORE, Appellee.
No. 98-2827.
District Court of Appeal of Florida, Fourth District.
August 4, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellee.
STONE, J.
We reverse the downward departure sentence imposed, over the state's objection, on a plea taken at arraignment.
Appellee was charged with throwing a deadly missile into a building and aggravated assault. The information charges that Appellee squirted lighter fluid on his neighbor's porch and front door while stating that he was going to light the house on fire. Appellee's neighbor and her children *648 were in the apartment and the front door was the only exit from the unit. Appellee then threw a concrete block through the living room window, while shouting obscenities and challenging the victims to call the police.
At arraignment, Appellee's neighbor told the court that she did not want to press charges. After considering Appellee's pretrial release status, the trial court inquired as to the state's intentions. The prosecutor replied that she was not prepared to make any decisions at that time and that, despite the victim's statement, the state intended to go forward with the case. Although the trial judge did not specifically advise Appellee what sentence it would impose if he pled guilty, we note that the court strongly hinted that it would enter a downward departure if an open plea was entered. The following exchange between the court and the prosecutor transpired:
[COURT]: Do you want to talk to your client to see if he wants to plea? I know it is mandatory the way it is, but there are reasons for departures. (emphasis added)
[PROSECUTOR]: I'm going to object to that at this point in time. There has not been an opportunity for me to speak to the victim.
[COURT]: I will put it on recall.
[PROSECUTOR]: I haven't spoken to any police officers or witnesses.
[COURT]: Put it on recall.
[PROSECUTOR]: I want to put [it] on the record, prior to the Court entering the plea if you are considering downward departures, it is over the State's objection.
At that point, Appellee conferred with the public defender, who had not previously been appointed, and entered a guilty plea which the trial court accepted. The prosecutor stated:
[PROSECUTOR]: For the record, the State would object to any type of downward departure. There has been no presentence investigation in this case. This is arraignment. While the victim is here, I believe her statement given to the State Attorney's Office substantiates the charges in this case. And we would object to the Court negotiating prior to the defendant pleading open to downward depart.
* * *
[COURT]: I will pardon this matter based upon the wishes of the victim and based on the lack of sophistication. Based on the unsophisticated manner, the Court will downwardly depart. There is a need for an anger management course
Appellee's sentence was then immediately imposed.
The judgment contains three reasons for departure: the unsophisticated manner in which the crimes were committed, Appellee's need to complete an anger management course, and the victim's announcement that she did not want to prosecute. We reverse because the record does not support the downward departure.
Section 921.0016(4)(d), Florida Statutes, provides that a downward departure is reasonably justified where "[t]he defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction ... and the defendant is amenable to treatment." In order to impose a departure sentence, there must be competent substantial evidence to establish that the defendant exhibits the potential to be rehabilitated. See State v. Bostick, 715 So.2d 298, 299 (Fla. 4th DCA 1998); State v. Kennedy, 698 So.2d 349, 351 (Fla. 4th DCA 1997).
Other than the facts alleged in the information, there is nothing in the record evincing Appellee's inability to control his anger. Nor is there any evidence suggesting that Appellee is amenable to treatment, unless it is assumed that all perpetrators of such offenses require this specialized treatment. The sua sponte determination *649 that Appellee requires specialized treatment for anger management and that his condition justifies a downward departure is, therefore, unfounded. We need not address whether an inability to control anger, taken alone, rather than as a symptom of a medically recognized mental disorder, can constitute a basis for departure under section 921.0016(4)(d).
Section 921.0016(4)(j), Florida Statutes, provides that a departure is reasonably justified where "[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." Again, there is no record evidence to support the trial court's findings that the offenses were committed in an unsophisticated manner and were isolated incidents. Because the departure grounds were not established by a preponderance of the evidence, the downward departure sentence must be reversed. See State v. Silver, 723 So.2d 381, 383 (Fla. 4th DCA 1998).
The third reason for downward departure, the victim's decision not to prosecute, is also problematic. There is no authority to support a conclusion that the victim's wishes not to prosecute a serious offense is, alone, a basis for a downward departure. Although the victim's concerns are properly considered in sentencing as to discretionary decisions, they do not constitute a valid reason for departure.
We remand for re-sentencing, or to consider any motion to withdraw plea.
STEVENSON and SHAHOOD, JJ., concur.