SAWAYA, J.
The State appeals the sentence imposed on the defendant arguing that the trial judge applied an invalid reason for the downward departure. The defendant cross-appeals the lower court’s order revoking his community control. ■
The defendant was charged with two counts of capital sexual battery and two counts of a lewd act upon a child. Pursuant to a plea offer from the State,' the defendant pled nolo contendere to three counts of a lewd act upon a child. The State dismissed the other counts, and the defendant was sentenced to two. years of community control followed by five years of probation. A condition of his community control required that the defendant have no contact with children under the age of sixteen unless supervised by an adult approved by the judge or his community control officer. He was also required to successfully complete a sex offender treatment program.
About one month later, the defendant was charged with violating his community control after his community control officer discovered children at his home during a routine visit. The. trial judge heard the evidence and testimony and found that the defendant wilfully violated his community control. The caretaker of the victim, who appears from the record to also be the victim’s grandmother, told the trial judge that she did not want the defendant to go to jail. The trial judge used this request as a reason to impose a sentence below the minimum required under the guidelines. The State objected to the downward departure.
We find that the evidence was sufficient tp find.that the defendant violated his community control. Therefore, we affirm the order revoking his community control. However, we also find that the wishes of the yictim’s grandmother that the defendant not go to jail are not a sufficient reason for a downward departure sentence. See State v. Skidmore, 755 So.2d 647, (Fla. 4th DCA 1999). We therefore reverse the sentence and remand this case to the trial court for imposition of a guidelines sentence. -
AFFIRMED in part; REVERSED in part; and REMANDED.
THOMPSON, C.J., and DAUKSCH, J., concur.