PER CURIAM.
In these consolidated cases, a tire manufacturer appeals a final judgment entered in an estate’s favor for the death of two van passengers killed as a result of a tire blow out, as well as the .award of attorney’s fees which followed.
In 1992, Lou Milbrook was driving from Northern Florida, to Miami when one of her tires blew out. Milbrook’s mother-in-law, Lessie Jackson, and step-daughter, Marcilla Glasper, were killed. In 1994, Milbrook, as personal representative of the estates of her mother-in-law and stepdaughter, brought a wrongful death action against Michelin on behalf of Jerry Mil-brook, son of Lessie and father of Marcilla, and Larry Anderson, Lessie’s other son.
In the trial that followed, Milbrook maintained that the tire company was strictly liable, had negligently designed and manufactured the tire, and that the tire had a manufacturing defect. The tire company maintained that the tire had been driven 52,000 miles, which was 12,000 more than the contemplated useful life of the tire, when it exploded. The manufacturer also argued that the plaintiffs case was based on pure speculation. At the end of a two week trial, after hearing conflicting expert testimony, the initial trial ended in a deadlocked jury.
Two months later the case was tried again. In the second trial, which also last *250 ed approximately two weeks, the trial court denied Michelin’s motion for directed verdict. The jury returned a verdict for Milbrook, finding Michelin liable for a manufacturing defect and finding Lessie, the driver, 20% negligent. The trial court entered final judgment against Michelin for $4,800,000 plus funeral expenses and denied Michelin’s motions for directed verdict, new trial, and remittitur. A judgment against Michelin for attorney fees of $875,000 and costs of $25,000 followed.
We affirm the orders under review. We address one issue raised which we feel merits discussion, that being defendant’s claim that the plaintiff unnecessarily made the tire company’s “document retention policy” a feature of the trial. In 1996, Milbrook asked Michelin to produce records regarding component information, blueprints, specifications, and adjustment records for the tire involved in the incident. The tire had been manufactured in 1988. At the time of the request, Michelin responded that the documents sought had been destroyed in accordance with the company’s five year document retention policy. In the first trial, a Michelin executive specifically testified that all tire specifications and testing relating to the tire had been destroyed pursuant to that policy-
Immediately prior to the second trial, the plaintiff came into possession of substantive evidence which cast doubt on Michelin’s discovery responses, and put into question the Michelin executive’s testimony at the first trial, where the executive had stated that the records requested had been destroyed. Plaintiff submitted evidence that such documents are not destroyed but rather they are returned to the hands of Michelin’s sister corporation, MARC, located adjacent to Michelin, in Greenville, South Carolina. The evidence demonstrated that MARC designs Michelin tires, and sends the designs to Michelin, which then manufactures the tires. Michelin then sends tire plans and related documents back to MARC. MARC retains these designs and specifications indefinitely. The close relationship between the two companies was demonstrated by several facts including the tie lines the companies maintain for direct and easy communication.
Supporting its action by the above facts, plaintiffs filed a motion claiming Michelin had perpetrated a fraud on the court. After hearing the evidence, the trial court denied the plaintiffs motion, concluding that the two companies were not one and the same. The court observed, however, in part:
it defies credulity to say that [the testifying Michelin executive] would not know where documents are when there’ are repeated cases tire failures....
The court went on to state that the plaintiff had submitted evidence demonstrating that Michelin’s behavior might well be characterized as “less than sterling” and that the evidence demonstrated that the company’s behavior could arguably be characterized as “stonewallfing].” Now on the brink of the second trial, with regard to what to do about Michelin’s previous stance that the documents at issue had been destroyed, Michelin’s counsel was concerned that its less than forthright behavior would be revealed to the jury. The trial court entered an order precluding mention of Michelin’s discovery responses, and defense counsel conceded that it would stand by its previous position that the documents had been destroyed. Plaintiff was not to mention the discovery dispute and Michelin would live with the picture it had created.
Discussing how the trial would proceed, Michelin counsel stipulated:
*251 I will stipulate and agree that the specifications for the subject tire do not exist or not in the possession of my client and they’ve not been provided to Mr. Baum-gardner [plaintiffs expert] for his review and analysis in connection with this case nor have those documents been provided to my experts for their analysis and review in this case.
Counsel went on to state:
What I want to avoid being presented before the jury is the dispute that was presented before the court yesterday about ... the existence of MARC and whether MARC has the documents and the suggestion that Michelin North America responded incorrectly to discovery in the latter part of 1996 and that Mr. Zambelas [the testifying Michelin executive] purportedly made a state.ment at the first trial that was inaccurate.
As far as we can see, the trial proceeded entirely in conformance with the court’s rulings and Michelin’s stipulation. According to Michelin, throughout the trial, the plaintiffs counsel alluded to the fact that important documents had not been kept. Michelin repeatedly moved for a mistrial claiming a resulting inappropriate negative inference. These motions were denied. See Lesperance v. Lesperance, 257 So.2d 66 (Fla. 3d DCA 1971)(appel-lant’s complaint of error would not be heard where trial court had acted in accordance with counsel’s stipulation); see also Goodman v. Aero Enterprises, a Div. of ARA Services, 469 So.2d 835 (Fla. 4th DCA 1985).
After the jury returned it, verdict, among the claims of error raised in Michelin’s motion for new trial was the company’s argument that the destruction of the records had become a feature of the trial, thus denying the company a fair and just determination of the matter. The trial judge weighing this argument at the post trial hearing considering Michelin’s motions, observed that Michelin had made an issue of the lack of documentary support for the opinion given by plaintiffs expert. Thus, the judge reasoned:
Why wasn’t it fair game for the Plaintiff to argue that the guy had no [documentary] basis for this argument because he had nothing to go back and look at, and the reason he didn’t is because of the documents retention policy?
We agree. No doubt plaintiffs counsel pointed to Michelin’s “document retention policy” on a number of occasions during the trial. However, in compliance with the court’s ruling and counsel’s stipulation, plaintiff never mentioned MARC or any pretrial non disclosure of information by Michelin. Plaintiff submitted substantial competent evidence supporting her claim of a defect caused by the manufacturing process the tire maker employed. This evidence included the testimony of an expert with forty three years experience in the diagnosis of causation in cases of tire failures. The jury’s careful consideration of the entire matter is demonstrated by its consideration and determination of plaintiffs comparative negligence.
The role of the trial judge in ruling on motion for new trial is not to substitute his or her own verdict for that of the jury, but to avoid what, in the judge’s trained and experienced judgment, is an unjust verdict. See Brown v. Estate of Stuckey, 749 So.2d 490 (Fla.1999). Here, the able trial judge hearing the two week case concluded the plaintiffs treatment of this matter did not merit the new trial defendant sought. Because our review of the evidence presented at trial satisfies us that reasonable persons could differ as to the propriety of the trial court’s denial of the motion, we find no abuse of discretion. *252 See Herzog v. K-Mart Corp., 760 So.2d 1006 (Fla. 4th DCA 2000).
Accordingly, we therefore affirm the orders under review.