WOLF, J.
 

 The State appeals a downward departure sentence. The reasons given by the trial court for imposing a departure were invalid; therefore, we reverse and remand for resentencing within the guidelines.
 

 Appellee pled guilty to one count of failure to comply with sexual offender requirements after twice failing to report as a sexual offender every 6 months as required pursuant to section 943.0435(14)(a),
 
 *113
 
 Florida Statutes (2006). The plea was not as a result of a plea bargain. Following a sentencing hearing, the trial court initially entered a downward departure sentence without reasons. Appellee then filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b), requesting written reasons for departure. The trial court conducted a hearing on the motion and entered the following written findings:
 

 1. [Appellee] entered a plea of Guilty to the offense of Failure to Comply with Sexual Offender Requirements.
 

 2. [Appellee] admitted that he failed to properly report to the Jacksonville Sheriff’s Office.
 

 3. [Appellee] was convicted of Lewd and Lascivious Conduct on August 21, 1997, Case Number 1997-CF-004573.
 

 4. [Appellee] was placed on probation for five years with general and specific conditions.
 

 5. [Appellee] successfully completed all general and specific conditions of probation and the probation was terminated in August, 2002.
 

 6. [Appellee] had no other criminal involvement since that date.
 

 7. [Appellee] is married, has one child, age 15 and is gainfully employed.
 

 8. This offense was committed in an unsophisticated manner in that [appel-lee] neglected to do what was required at the time it was required and when he attempted to correct the error he was arrested.
 

 9. [Appellee] had numerous personal problems which obviously contributed to his neglect.
 

 10. [Appellee] has shown remorse for his neglect which led to the commission of the offense.
 

 A trial court may not impose a sentence that departs from the statutory guidelines “unless there are mitigating circumstances or factors present as provided in s. 921.0026.” § 921.00265(1), Fla. Stat. (2006). Section 921.0026, Florida Statutes (2006), provides a non-exclusive list of mitigating circumstances that reasonably justify departure.
 

 In
 
 Banks v. State,
 
 732 So.2d 1065, 1067-68 (Fla.1999), the supreme court outlined the two-step process for imposing a departure sentence. “First, the [trial] court must determine whether it
 
 can
 
 depart, i.e., whether there is a valid legal ground,” explaining “[l]egal grounds are set forth in case law and statute.”
 
 Id.
 
 at 1067 (emphasis in original). “This aspect of the court’s decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling.”
 
 Id.
 
 “Second ... the trial court further must determine whether it
 
 should
 
 depart ... weighting] the totality of the circumstances in the case, including aggravating and mitigating factors.”
 
 Id.
 
 at 1068 (emphasis in original).
 

 Here, the trial court’s reasons for departure fail step 1 of the
 
 Banks
 
 test as they constitute legally invalid reasons for departure.
 

 First, the trial court found appellee pled guilty. However, it is well established that an open plea is not a valid reason for departure.
 
 See
 
 § 921.0026(2)(a), Fla. Stat. (providing a valid mitigating circumstance for departure is “[t]he departure
 
 results from
 
 a legitimate, uncoerced plea bargain” (emphasis added));
 
 State v. Brannum,
 
 876 So.2d 724, 727 (Fla. 5th DCA 2004) (finding an open plea is “not a valid reason for departure sentence where there was no plea agreement entered into between the defendant and the State.”).
 

 
 *114
 
 Second, the trial court found ap-pellee admitted he failed to re-register as a sexual offender. However, a confession is an invalid reason for departure. Section 921.0026(2)(i) provides a valid reason for departure is that the defendant “cooperated with the State to resolve the current offense.” However, “a departure sentence cannot be based on cooperation where the assistance does not result in solving any crimes or the arrest of other persons.”
 
 State v. White,
 
 894 So.2d 293, 294 (Fla. 2d DCA 2005) (finding invalid the trial court’s reason for departure that the defendant confessed and allowed the police to search his home).
 

 Third, the trial court noted appel-lee’s underlying conviction for lewd and lascivious conduct. Fourth, the trial court noted he was placed on probation for 5 years. These findings are informational and do not constitute reasons for departure.
 

 Fifth, the trial court found appellee successfully completed probation in August 2002. Sixth, the trial court found appellee had no criminal history since completion of probation. However, a “defendant’s prior record, or lack thereof’ is an invalid reason for departure because the “trial court lacks discretion to grant a downward departure sentence based on factors already taken into account by the sentencing guidelines.”
 
 State v. Stephenson,
 
 973 So.2d 1259, 1264-1265 (Fla. 5th DCA 2008) (holding trial court’s finding that the defendant “kept his nose clean” for 14 months since his release from prison was an invalid reason for departure).
 
 See also State v. Raskiewicz,
 
 541 So.2d 1217 (Fla. 2d DCA 1989) (finding fact that the defendant had committed no additional crimes since being placed on probation was an invalid reason for departure because it was taken into account by the sentencing guidelines).
 

 Seventh, the trial court found ap-pellee is married, has a child, and is employed. However, “Florida courts have consistently held that family support concerns are not valid reasons for downward departure.”
 
 State v. Walker,
 
 923 So.2d 1262, 1265 (Fla. 1st DCA 2006).
 
 See also Rafferty v. State,
 
 799 So.2d 243, 248 (Fla. 2d DCA 2001) (concluding “it would not be good public policy for the legislature to punish those with families to support less than those without families”);
 
 State v. Bray,
 
 738 So.2d 962, 963 (Fla. 2d DCA 1999) (stating “[w]hile we are not unsympathetic to the trial judge’s concern that incarcerating Bray may place the burden of caring for the child on the taxpayers of this state, such a consideration cannot be employed in determining whether one defendant will be incarcerated while another will be given a nonincarcerative sentence”);
 
 State v. Warren,
 
 629 So.2d 1014, 1015 (Fla. 4th DCA 1993) (listing the fact that the defendant had an elderly mother who needed his support as one of several insufficient reasons for downward departure).
 

 Eighth, the trial court found this offense was “committed in an unsophisticated manner in that [appellee] neglected to do what was required.” Tenth, the trial court found appellee showed remorse. Section 921.0026(2)(J) provides as a mitigating factor for downward departure that “[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.” However, “[a]ll three components—that the crime was committed in an unsophisticated manner, that the crime was an isolated incident, and that the defendant has shown remorse—must be present in order for a downward departure sentence to be imposed under the statute.”
 
 State v. Gaines,
 
 971 So.2d 219,
 
 *115
 
 220 (Fla. 4th DCA 2008) (citing
 
 State v. Ayers,
 
 901 So.2d 942, 945 (Fla. 2d DCA 2005)).
 

 Here, the court failed to find the second element of section 921.0026(2)(j) was present, that the incident was isolated. Furthermore, the record does not support such a finding. Section 943.0435(14)(a), which requires that “[a] sexual offender must report in person each year during the month of the sexual offender’s birthday and during the sixth month following the sexual offender’s birth month,” became effective on September 1, 2005. The record indicates appellee’s birthday is June 2. Therefore, he would have been required to report initially in June 2006 and every six months thereafter. Here, appellee was charged with failing to report in December 2006 and June 2007. Therefore, appellee failed to register two of the three times he was required to register between June 2006 and June 2007, which does not constitute an isolated incident. Therefore, reasons 8 and 10, that appellee committed the offense in an unsophisticated manner and showed remorse, are invalid reasons for departure because the incident was not also isolated.
 

 Ninth, the trial court found appel-lee had numerous personal problems that contributed to his neglect. The only evidence presented concerning appellee’s personal problems was his testimony regarding his employment. During the initial sentencing hearing, appellee testified he forgot to register because he had just been laid off from work; however, during the rule 3.800(b) motion hearing, he testified he forgot to register because he had just started a new job and was working 7 days a week.
 

 To the extent the trial court relied on evidence presented during the rule 3.800(b) motion hearing, the trial court erred. While evidentiary hearings are permissible as part of rule 3.800(b) proceedings, as stated in the Committee notes to the 1996 amendment creating rule 3.800(b), the purpose of the rule is to “correct sentencing errors in the trial court and preserve the issue.” A rule 3.800(b) motion hearing was not intended to allow appellee to present new evidence of factors justifying departure, which was his burden to demonstrate during the initial hearing.
 
 See State v. Hall,
 
 981 So.2d 511, 513 (Fla. 2d DCA 2008) (“The defendant has the burden of presenting competent, substantial evidence to support the reason or reasons articulated for the downward departure sentence.”).
 

 Therefore, the only evidence upon which the trial court could have properly relied was appellee’s testimony during the sentencing hearing that he forgot to register because he had been laid off from his job. This reason for departure is not one of the statutory mitigating circumstances provided in section 921.0026, nor one that appears to be consistent with legislative sentencing policies. It would be illogical to find that legislative sentencing policy intended for unemployed sexual offenders who failed to report to be punished less than those who were employed. Therefore, the trial court’s finding that appellant had numerous personal problems, based on his testimony that he had been recently laid off from his job, does not constitute a legally valid reason for downward departure.
 

 Because the trial court failed to provide legally valid reasons for appellee’s downward departure sentence, we reverse and remand for resentencing within the guidelines.
 
 See Pope v. State,
 
 561 So.2d 554, 556 (Fla.1990) (finding resentencing must be within the guidelines “when the initial reasons [for departure] had been reversed by an appellate court”);
 
 State v. Owens,
 
 848 So.2d 1199 (Fla. 1st DCA 2003) (re
 
 *116
 
 versing and remanding for resentencing within the guidelines where the trial court’s reason for departure was invalid).
 

 REVERSED.
 

 HAWKES, C.J., and WETHERELL, J., concur.