GRIFFIN, J.
The State of Florida appeals the downward departure sentence given to Appel-lee, Mendy Rae Henderson [“Henderson”], after a plea to driving under the influence (4th DUI), resisting an officer with violence, and driving while license cancelled, suspended or revoked with one prior DUI offense. The State contends that the trial court erred in imposing a downward departure sentence because the reasons given were not legally recognized reasons for departure. We agree and reverse.
A sentencing hearing was held on April 28, 2012. The criminal punishment code scoresheet indicated a lowest permissible sentence of 12.45 months in the Department of Corrections. At the hearing, Henderson argued for a downward departure sentence. Henderson was seeking an alternative residential program instead of jail.
The State was opposed to a downward departure sentence. The State pointed out that section 921.0026(3), Florida Statutes (2012), disallows use of substance abuse or addiction as a basis for a downward departure under any circumstances. The State also argued that section 921.0026(2)(m), Florida Statutes, did not apply because of Henderson’s resisting an officer with violence.
The trial court concluded that there was not sufficient grounds for a downward departure sentence, but believed that Henderson needed treatment. The court found:
I don’t think anybody benefits from a long prison sentence for you. And I do believe that, you know, you’ve got an addiction problem, and jail doesn’t really help with that that much. And I believe that you need treatment.
The trial court then sentenced Henderson to two years in the Department of Corrections, suspended, along with two years community control and one year of probation as to count I, and two concurrent terms of ninety days in the county jail as to counts II and III. The court also imposed numerous conditions of probation, as well as fines and costs of investigation. The State objected that the sentence imposed was, in effect, a downward departure sentence.
On April 27, 2012, another sentencing hearing was held to address the State’s objection. Henderson’s counsel argued that the trial court could consider non-statutory reasons for departing downward. Over the State’s objection, the court again imposed a downward departure sentence. The court explained:
*1139 And over objection, I’m going to find a downward departure under 921.0026. I still feel that rehabilitation is in the best interest of this defendant as opposed to the need for incarceration.
Therefore, under the — under 921.0026(2), which permits me to find a downward departure for grounds that are not necessarily limited to subpara-graphs A through M, I find that a downward departure is needed for Ms. Henderson to be appropriately rehabilitated.
I also find that alcohol is a family disease, and that the downward departure is necessary for Ms. Henderson and her son to be appropriately rehabilitated. I don’t mean just with each other, but your son, ma’am, has serious problems already, or the Court takes judicial notice that he is very likely to have serious problems as a result of your alcoholism. That’s why Alcoholics Anonymous has a separate program called Alateen. And that’s why there are publications directed to the treatment of children of alcoholics. And I find that your son needs the kind of intervention with you that would help him in his rehabilitation as well.
I also find a downward departure justified because since his father is not in the picture, he has a need for you not only for his rehabilitation but for you to be able to be supportive of him in terms of financially, physically, and mentally. More importantly, mentally and emotionally.
I find that when you are sober, that you are capable of providing that for your son. But when you’re drinking or when you are using substances, you are not. I find you genuinely remorseful. I don’t know if that’s grounds for downward departure, but I do believe you are genuinely remorseful for this period in your life. I can’t say this is what is described in the statute as an isolated event, but you did kind of go off the deep end for a period of time in which you got these three DUIs.
[[Image here]]
I find, also, that you have a lack of prior record. I don’t know that’s necessarily grounds for downward departure, but it does figure into sentencing.
Therefore, I sentence you, as I did before, to, on Count 2, resisting an officer with violence, 90-days imprisonment in the Brevard County Jail with credit for time served. The purpose of that is to teach you a lesson that you do not go hands on with a police officer.
I sentence you to, on the Count 1, felony driving under the influence, to two years of community control followed by three years of probation with drug offender conditions, which I will describe for you in a moment.
[[Image here]]
Let’s see. On the driving while license canceled, suspended, or revoked, first degree misdemeanor, I adjudicate you guilty, sentence you to 90 days incarceration in the county jail to run concurrent with Counts 1 and 2....
The State again objected to the downward departure sentence, arguing that substance abuse or addiction can never be used as a mitigating factor. The State further argued that the fact that Henderson’s son needed his mother in his life was also not a valid reason for a downward departure sentence.
The trial court expressed the view that in drafting section 921.0026(3), the legislature meant a person could not get “liquored up” and then blame their crime on their substance abuse or dependency, not that rehabilitation from a drug or alcohol addiction could not support a departure in *1140 an appropriate case. The court further explained that it was not finding a departure based on subsection (2)(m), or remorse, just that it had taken those things into account.
On May 7, 2012, the trial court entered a written order stating reasons for the downward departure sentence. The court listed the following reasons within the order:
1. The downward departure sentence is needed in order for [Henderson] to become appropriately rehabilitated.
2. The downward departure is needed in order for [Henderson] and her 10-year-old son to become appropriately rehabilitated. The Court recognizes that alcoholism is a family disease, and that [Henderson’s] minor son is at risk of developing future problems due to his mother’s alcoholism.
3. The downward departure is needed so that [Henderson] can be financially, physically, mentally and emotionally supportive of her minor son since the child’s father is not in the child’s life.
We are bound to reverse because these are not valid grounds for downward departure.
The provision of criminal penalties is a matter of predominantly substantive law determined by the legislature. State v. Subido, 925 So.2d 1052, 1057 (Fla. 5th DCA 2006). The trial court can impose a downward departure sentence for reasons not delineated in section 921.0026(2), so long as the reason given is supported by competent, substantial evidence and is not otherwise prohibited. State v. Stephenson, 973 So.2d 1259, 1263 (Fla. 5th DCA 2008).
In order to determine whether a downward departure sentence is appropriate, the trial court must follow a two-step process. Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). The first step requires the court to determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it. Id.
Here, the trial court’s finding that a downward departure sentence is needed in order for Henderson to be rehabilitated from her addiction to alcohol is not a valid legal ground for a downward departure sentence. Section 921.0026(3), Florida Statutes (2012), provides:
Except as provided in paragraph (2)(m), the defendant’s substance abuse or addiction, including intoxication at the time of the offense, is not a mitigating factor under subsection (2) and does not, under any circumstances, justify a downward departure from the permissible sentencing range.
The trial court’s interpretation of section 921.0026(3), Florida Statutes-that it precludes using substance abuse or addiction as an excuse for criminal conduct justifying a downward departure, but does not preclude a downward departure for rehabilitation—is a reasonable and sensible interpretation of the statute. The positive features of such an interpretation may be many, as this case illustrates. However, this Court and other courts have read section 921.0026(3) to mean that substance abuse or addiction cannot be the basis of a downward departure, even if couched in terms of rehabilitation. State v. Thompson, 844 So.2d 814 (Fla. 5th DCA 2003); State v. Owens, 848 So.2d 1199, 1202 (Fla. 1st DCA 2003); see State v. Ford, 739 So.2d 629, 629 (Fla. 3d DCA 1999).
The trial court’s other non-statutory departure ground—that a downward departure was needed so that Henderson could be financially, physically, mentally and emotionally supportive of her minor son, who himself was at risk due to his *1141 mother’s addiction — is also an invalid basis for departure. The fact that a defendant has a minor child requiring care and support has previously been rejected as grounds for downward departure. See State v. Knox, 990 So.2d 665, 669 (Fla. 5th DCA 2008) (citing Rafferty v. State, 799 So.2d 248, 248 (Fla. 2d DCA 2001)).[1]
Because each of the nonstatutory sentencing mitigators applied failed to comport with legislative sentencing policies as interpreted by Florida courts, they are insufficient to support Henderson’s downward departure sentence.
REVERSED and REMANDED.
ORFINGER, C.J. and EVANDER, J., concur.

. Henderson finally contends that the court has the discretion to place a defendant on community control or probation because the DUI statute allows for alternative sentencing under section 948.01 Florida Statutes. She points out that other statutes specifically prevent the trial court from using section 948.01 to reduce a sentence to probation or community control, but the DUI statute does not. She is correct that the DUI statute does not appear to prohibit alternative sentencing under section 948.01, Florida Statutes. However, Henderson has pled guilty to resisting an officer with violence, a forcible felony that is precluded from alternative sentencing pursuant to section 948.0 l(7)(a), Florida Statutes.