SAWAYA, J.
The Criminal Punishment Code[1] is a compilation of statutes that require a scoresheet be prepared to establish the permissible range of sentence the court may impose for defendants charged with a noncapital felony offense, and mandates imposition of at least the minimum guideline sentence unless a valid reason for departure exists.[2] Included in this statu *97 tory scheme are a number of non-exclusive mitigating grounds for departure that may establish a basis for a more lenient sentence.[3] The issue we must resolve is whether competent substantial evidence supports the trial court’s decision to impose a departure sentence pursuant to section 921.0026(2)(j), Florida Statutes (2011), which allows a sentence below the minimum guideline range when the crime was “committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.” We must also determine whether the following non-statutory reasons are valid grounds for departure: the victim wants the defendant back and he needs to support her and their child; the defendant could have harmed the victim but did not; and there is no redeeming value in sending the defendant to prison.
The defendant is Appellee, Jamar Thompkins, and he was charged with, and convicted of, burglary of a dwelling and criminal mischief. He committed these crimes when he appeared, uninvited, at the home of his former girlfriend’s mother. It was around midnight. Although the mother was not home, the former girlfriend (the victim) and her child were. Thompkins is the child’s father. When Thompkins appeared at the front door, the victim answered and Thompkins demanded the keys to her residence. Thompkins also demanded that the victim come out and talk to him. The victim threw him the keys, closed the door, and locked it. Despite the lack of an invitation to be there and the lack of consent to enter, Thompkins made his way to the back of the house and gained entry through a doggie door he kicked in. When the victim saw Thomp-kins crawl through the damaged doggie door, she retreated to a bedroom where the child was sleeping and locked the door. Thompkins pounded on the bedroom door, but the victim did not open it. No less deterred by the lock on this door, Thomp-kins “busted through” the bedroom door and when he saw the victim on the phone with 9-1-1, he fled. The victim stated that Thompkins was very angry and that she feared for her safety. The recording of the 9-1-1 call was played for the jury and photographs of the two broken doors were placed into evidence.
When the sentencing hearing convened, the trial court was presented with a score-sheet that revealed Thompkins’ rather extensive criminal history of ten prior convictions, which included burglary of a dwelling (a second-degree felony), two convictions for possession of cocaine and one conviction for attempting to elude a police officer (third-degree felonies), and six misdemeanor convictions of various crimes, including battery. Thompkins’ scoresheet calculations merited a range from 36.15 months to 15 years in prison. The State unsuccessfully argued for a minimum sentence of 5 years in prison. Instead, over the State’s strenuous objections, the court explained that it would impose a one-year term of community control followed by two years of probation:
All right. I find this was an isolated incident. This was a lovers’ quarrel. This was not in running from the police as previous. I find there was an ability to physically harm her and he didn’t. He certainly had the capacity and the ability and he didn’t. So him pulling back means a lot to me.
He’s shown remorse. It was clearly unsophisticated, in fact it was stupid. The victim wants him back home. It’s clear from the letters she loves him. He has children, he needs to support them.
*98 I find no redeeming value in sending him to prison. It doesn’t help his kids. It doesn’t help the woman who loves him. I can’t find that it would help him. I don’t [think] this was as much a criminal act necessarily, it was just anger and stupidity.
However, I’m going to put you on community control for twelve months because I want you to take an anger management class.
Defendant: Yes, sir.
The Court: And I want you to write an essay, because clearly you write well, write an essay on what you’ve learned.
[[Image here]]
The Court: No unconsented contact with any of the victims. Restitution $421.92. After twelve months’ community control that will be followed by two years of probation.
The State appeals, contending that the trial court erred in imposing a sentence below the minimum guideline range. A trial court may properly depart from the guidelines if it determines that “there is a valid legal ground and adequate factual support for that ground in the case pending before it....” Banks v. State, 732 So.2d 1065, 1067 (Fla.1999).[4] The trial court’s statement of reasons quoted above reveals the grounds relied upon to impose the departure sentence. As previously mentioned, one is a valid statutory ground and the others are non-statutory grounds. If the statutory ground is supported by competent substantial evidence in the record, affirmance is appropriate. Banks. As to the non-statutory grounds, “[t]he trial court can impose a downward departure sentence for reasons not delineated in section 921.0026(2), so long as the reason given is supported by competent, substantial evidence and is not otherwise prohibited.” State v. Henderson, 108 So.3d 1137, 1140 (Fla. 5th DCA 2013) (citing State v. Stephenson, 973 So.2d 1259, 1263 (Fla. 5th DCA 2008)). The facts that support a departure from the lowest permissible guideline sentence must be proven by a preponderance of the evidence. §§ 921.002(1)(0, (3), Fla. Stat. (2011); Banks; State v. Weaver, 23 So.3d 829 (Fla. 5th DCA 2009). These requirements prohibit trial judges from giving the sentencing guidelines a polite nod and imposing a mitigated sentence based on their own predilections. See Williams v. State, 492 So.2d 1308 (Fla.1986); State v. Whiteside, 56 So.3d 799 (Fla. 2d DCA 2011); State v. Ayers, 901 So.2d 942 (Fla. 2d DCA 2005).
We will begin with the statutory ground. Section 921.0026(2)(j) allows for a departure sentence when: 1) the crime was committed in an unsophisticated manner; 2) it was an isolated incident; and 3) the defendant expressed remorse for his wrongful acts. All three requirements must be established. See State v. Brannum, 876 So.2d 724 (Fla. 5th DCA 2004); State v. Bell, 854 So.2d 686 (Fla. 5th DCA 2003); State v. Falocco, 730 So.2d 765 (Fla. 5th DCA 1999).
Although the third element — remorse — is supported by competent substantial evidence, we believe that the evidence in the record belies the notion that the crimes were committed in an unsophisticated manner. When the victim threw Thompkins the keys and closed the door, *99 he went around to the back of the house to a door with a doggie door attached to the bottom. Rather than kicking in the entire door, Thompkins was successful in kicking in the doggie door to enter the house and gain access to the victim. When the victim fled to the bedroom, Thompkins followed and “busted through” that door. When he entered the room, Thompkins saw the victim on the phone summoning the. police and he fled. While crawling through a broken doggie door may not be the most sophisticated mode of entry, we do not believe that Thompkins’ crimes are any less sophisticated than smashing the windshield of a truck in order to stop the vehicle so the defendant could assault the occupant, see State v. Chestnut, 718 So.2d 812 (Fla. 5th DCA 1998), or peddling (pun intended) drugs on a bicycle to an undercover police officer, see State v. Deleon, 867 So.2d 636 (Fla. 5th DCA 2004).
Regarding the second statutory element, Thompkins has a significant criminal history, including a prior conviction for burglary of a dwelling, that clearly indicates that his crimes are not isolated incidents within the meaning of section 921.0026(2)(j). See State v. Leverett, 44 So.3d 634 (Fla. 5th DCA 2010); State v. Tice, 898 So.2d 268 (Fla. 5th DCA 2005); Deleon. Even if we were to overlook Thompkins’ prior burglary conviction, the remainder of his criminal history would vitiate any suggestion that his current crimes were isolated incidents under the statute. See Ayers, 901 So.2d at 945.
Turning to the non-statutory grounds, the issue is whether they are prohibited and, if not, whether there is competent substantial evidence in the record to support them. See Banks; Henderson. As a preface to our discussion of these particulars, Thompkins essentially concedes the issue in his brief by recognizing the caselaw that is contra to his position and by his invocation of the tipsy coachman rule, contending the sentence is proper even if the grounds are invalid. In any event, we need look no further than the myriad of cases that have consistently held that family support concerns, consisting in this case of the victim’s desire to have Thompkins back and the need for his financial support for herself and their child, are not valid grounds to depart from the guidelines. See Henderson, 108 So.3d at 1141 (“The fact that a defendant has a minor child requiring care and support has previously been rejected as grounds for downward departure.” (citations omitted)); State v. Geoghagan, 27 So.3d 111 (Fla. 1st DCA 2009); Stephenson, 973 So.2d at 1264 (“‘Florida courts have consistently held that family support concerns are not valid reasons for downward departure.’ ” (quoting State v. Walker, 923 So.2d 1262, 1265 (Fla. 1st DCA 2006))); State v. Amaro, 762 So.2d 998 (Fla. 5th DCA 2000); State v. Skidmore, 755 So.2d 647 (Fla. 4th DCA 1999).
Regarding the asserted ground that Thompkins could have harmed the victim but did not, this court has held that the fact that the crime was not committed in a more heinous manner is not a ground for departure. See State v. Subido, 925 So.2d 1052, 1059 (Fla. 5th DCA 2006) (“[T]he law does not support downward departure merely for committing an offense less heinously than other defendants.”). Moreover, we are not convinced that the victim was not harmed, given the fright and trepidation she endured. Also, the evidence clearly reveals that when Thompkins entered the bedroom where the victim had retreated, she was on the phone to 9-1-1 reporting the crime and he fled. So it has not been established that he would not have further harmed the victim if he did not believe the police were on the way.
*100 We are left with the last non-statutory ground — that there is no redeeming value to sending Thompkins to prison. This too is an invalid ground. “In evaluating a non-statutory mitigator, a court must determine whether the asserted reason for a downward departure is consistent with legislative sentencing policies.” State v. Knox, 990 So.2d 665, 669 (Fla. 5th DCA 2008) (citations omitted); see also Chestnut. The stated policy of the Criminal Punishment Code is to punish miscreants for their crimes. § 921.002(l)(b), Fla. Stat. (2011) (“The primary purpose of sentencing is to punish the offender.”); Moore v. State, 882 So.2d 977, 985 (Fla.2004) (“The Legislature expressed that the primary purpose of sentencing is to be punishment.” (citation omitted)); State v. McKnight, 85 So.Bd 995, 997 (Fla. 5th DCA 2010); Chestnut, 718 So.2d at 313 (“Further, the first purpose of sentencing is to punish, not rehabilitate.”). Whether there is any redeeming value to the criminal in sending him to prison is largely of secondary concern. See § 921.002(l)(b), Fla. Stat. (2011); State v. Hall, 47 So.3d 361, 364 n. 5 (Fla. 2d DCA 2010) (“Rehabilitation is a secondary goal, and it is a stated policy that a defendant’s sentence should increase with the length and nature of the defendant’s prior record.” (citing § 921.002(l)(b), (d))); Chestnut, 718 So.2d at 314 (“It is obvious that prison will always be detrimental to one’s future even if it is essential to his appropriate punishment. But the consequence of no prison for violent criminals seems a far worse societal problem.”).
In reasoning that leniency was appropriate for Thompkins and prison was not, the trial court seemed rather dismissive of his conduct, remarking that “I don’t [think] this was as much a criminal act necessarily, it was just anger and stupidity.” The terms “anger” and “stupidity” are nowhere to be found in the lexicon of the Criminal Punishment Code and if trial courts are permitted to impose sentences below the minimum guideline range based on their perception that the crime was committed out of anger and stupidity, it would be difficult to find many cases that would not qualify for a departure sentence, thus making departure the rule rather than the exception. Equally important, a trial court may not impose a departure sentence simply because it perceives that the minimum sentence established by the sentencing guidelines is not commensurate with the seriousness of the crime. See Williams; Whiteside; Subido, 925 So.2d at 1059 (“[T]he court may not award a downward departure merely because it disagrees with the legislative determination of sentencing policy or feels that the lowest permissible sentence is not commensurate with the crime.” (citation omitted)); Ayers; State v. Baker, 498 So.2d 1031 (Fla. 1st DCA 1986). In instances like this where a trial court’s perception of justice leads it to conclude that leniency is appropriate, and grounds do not exist for a departure sentence, the leniency must come from the exercise of the court’s discretion to impose the minimum guidelines sentence. See State v. Matthews, 891 So.2d 479, 488 (Fla.2004) (“Under the sentencing guidelines, a narrow range of permissible sentences is determined through a strict mathematical formula. It is then within the trial judge’s discretion to sentence the defendant within that narrow range.” (citations omitted)).
We have analyzed each of the reasons given by the trial court to justify the sentence it imposed because if just one is a valid ground for departure that is supported by competent evidence, then the sentence should be affirmed. § 921.002(3), Fla. Stat. (2011); Stephenson. Having done so, we conclude that the statutory ground is not supported by competent sub *101 stantial evidence and that none of the non-statutory grounds are valid. The sentence is reversed and the case is remanded for resentencing.
REVERSED and REMANDED.
ORFINGER, C.J. and COHEN, J., concur.

. §§ 921.002-.0027, Fla. Stat. (2011).

. §§ 921.0024(2)-(3), 921.0026(1), 921.00265(1), Fla. Stat. (2011). The Criminal Punishment Code does not apply to defendants charged with capital felonies. § 921.002, Fla. Stat. (2011); see also § 775.082(8)(d), Fla. Stat. (2011).

. § 921.0026(2), Fla. Stat. (2011).

. This is the first step in a two-step process established by the court in Banks. The second step requires the trial court to determine whether the departure sentence is the best sentencing option for the defendant after consideration of the totality of the circumstances. 732 So.2d at 1068. We believe that the trial court erred in the first step of the process because the reasons articulated by the trial court were either invalid or not supported by competent substantial evidence.