IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,

      Appellant,

v.

RODNEY LARRY ROBINSON,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2017

Opinion filed November 6, 2014.

An appeal from the Circuit Court for Hamilton County.
Andrew J. Decker, III, Judge.

Pamela Jo Bondi, Attorney General, and Justin D. Chapman, Assistant Attorney General, Tallahassee, for Appellant.

Nancy A. Daniels, Public Defender, Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellee.

WETHERELL, J.

      The State appeals what amounts to a three year county jail sentence for two

first-degree felonies committed by an offender with a lengthy criminal record. The

State contends that the grounds relied upon by the trial court for this downward departure sentence are not legally valid. We agree. Accordingly, we reverse and remand for resentencing.

**Factual and Procedural Background**

The appellee, Rodney Larry Robinson, sold $50 worth of crack cocaine to a confidential source near a church in Jasper. He was arrested and charged with sale of cocaine within 1,000 feet of a church (count 1) and possession of cocaine with the intent to sell within 1,000 feet of a church (count 2).[1] Robinson entered an open plea of guilty to both counts. His Criminal Punishment Code (CPC) scoresheet included three prior felony drug offenses – trafficking in cocaine, sale of cocaine, possession of cocaine with the intent to sell – and a prior battery, and it reflected a lowest permissible sentence of 60.75 months in state prison.

Over the State's objection, the trial court imposed a downward departure sentence of 364 days in the county jail followed by 2 years of community control and 3 years of probation with no credit for the nearly two years that Robinson had served in the county jail since his arrest. The court did not provide written findings

---

[1]  Robinson was also charged with violating his probation in a 2006 cocaine trafficking case based upon these new law offenses. The record does not contain an order disposing of the probation violation, but Robinson's counsel represented at the sentencing hearing that the parties "reached a resolution to basically just say his probation was over" because there was apparently an issue as to whether Robinson's probation had been terminated.

2

to support this downward departure; however, at the sentencing hearing, the court

explained its rationale for the sentence as follows:

> In considering an appropriate sentence, in this case, I think the Court has to be mindful of the legislative policy and the legislative intent, to -- to deal with this particular problem [of drug possession and sale], and the scourge of this problem, as it encroaches upon neighborhoods, churches, schools in such a way as to provide more serious damage and harm to the community than would be the normal case.
>
> At the same time, the Court has to be mindful of the provisions of chapter 921.0026 and the factors that have been presented here. It has been the Court's observation since taking office that the disposition of cases in our circuit, especially in our county here, are really totally different from the way cases are handled in, let's say Dade County or Hillsborough or Orange County.
>
> As a Judge, new to criminal matters, I've studied and poured over the advance sheets, and tried to keep up with every single reported case, so I understand better, not only the statutory provisions, but their applicability and the way in which they're construed by trial courts and appellate courts. And if this were Dade County, it would not surprise me to see a sixty year sentence, for what Mr. Robinson has done.
>
> But we have a different community here, we are -- we live more, I guess, closer to each other and see each other on a daily basis and relate to each other in a community. . . .
>
> I think, in trying to weigh and balance, I don't see that there's any mitigating circumstances that would be warranted by any displays of remorse, because that has to be in a context of an isolated incident. When you have the prior matters that are noted here, and you have these two serious charges, and I would note that one of the previous

3

charges, trafficking in cocaine, that was a felony of the first-degree. And if I was arrested for trafficking in cocaine and told by my attorney that I would face thirty years, I think that would be all the isolated circumstance I would need to fly right. But in your case, it wasn't, it just wasn't.

Since your arrest, well, since the incident for three years, you've not committed any crimes. The sheriff has indicated by the way he's administered his jail, and the way he's handled you, that he is confident in your behavior when you're released. When you're on work release, he's indicated that he trusts that you will comply with the law, and not do anything to embarrass him. . . . He's got to be awfully confident in you, and feel like you are deserving of this opportunity, this chance.

You did step forward and candidly acknowledge your guilt and take responsibility for that by taking an open plea without any bargain, or any conditions. And I think that shows, together with other things I've noted, that you're at a point in your life when you want to turn things around. You want to go down a different path, and you want to take responsibility for your actions and accept the consequences.

The Court, in trying to weigh all these different factors, believes that -- and I've kind of backed myself into what I'm about to say, so I'll try to explain what I'm doing. But in order to deal with and avoid any appellate issues on the Blockburger[2] issues or the McCloud[3] issues, I'm in my mind, mathematically, I'm treating the -- I'm accepting [defense counsel's] argument on that point.[4]

---

[2] Blockburger v. United States, 284 U.S. 299 (1932).
[3] State v. McCloud, 577 So. 2d 939 (Fla. 1991).
[4] Earlier in the sentencing hearing, defense counsel argued that the 28 points for the secondary offense of possession with the intent to sell should be removed from Robinson's scoresheet because it would violate double jeopardy to punish him for both the possession and the sale of the same cocaine. The trial judge correctly

And that would reduce the minimum sentence permissible, to 39.75 months, based on my math. Because, if you take away that 28 points, for the other felony in the first-degree charge, then that would be -- that would bring you down, when you take 75% to 39.75. That is approximately 3.3 years.

Mr. Robinson has been in jail for two years. If his case had been tried promptly, and I don't ascribe any fault or circumstance to it not being resolved sooner. Obviously, with discovery, with requests for continuances, with the change in prosecutor, with the Court's own docket and own calendar issues that contribute to these matters, we are where we are. And we are resolving things as quickly as we can, but nevertheless, Mr. Robinson has kind of been in limbo. Normally, limbo's for innocent souls, but we'll put you in limbo for the sake of discussion. For about two years, and with the gain time of 15%, that would be about 2.3 years.

This appeal followed.

## Analysis

Under the CPC, the lowest permissible sentence calculated in the offender's scoresheet is "the minimum sentence that may be imposed by the trial court, absent a valid reason for departure." § 921.0024(2), Fla. Stat. (2011); see also § 921.00265(1), Fla. Stat. (2011) ("A departure sentence is prohibited unless there are mitigating circumstances or factors present as provided in s. 921.0026 which would

---

rejected that argument based upon McCloud and ruled that "the scoresheet is correct, as filed, based on the information to which Mr. Robinson pled." The judge reaffirmed that ruling at the conclusion of the sentencing hearing and explained that he had only conceptually deducted the 28 points in his mind in order to "kind of back into what [he] think[s] works."

reasonably justify a departure."). The trial court "may impose a departure below the lowest permissible sentence based upon circumstances or factors that reasonably justify the mitigation of the sentence in accordance with s. 921.0026." § 921.002(3), Fla. Stat. (2011). The mitigating factors and circumstances that may be considered by the trial court in determining whether to impose a downward departure sentence "include, but are not limited to" those listed in section 921.0026(2). § 921.0026(1), Fla. Stat. (2011); see also State v. Henderson, 108 So. 3d 1137, 1140 (Fla. 5th DCA 2013) ("The trial court can impose a downward departure sentence for reasons not delineated in section 921.0026(2), so long as the reason given is supported by competent, substantial evidence and is not otherwise prohibited."); McCorvey v. State, 872 So. 2d 395, 396 (Fla. 1st DCA 2004) (explaining that "the statutory mitigating circumstances are not exclusive").

A trial court's decision to depart from the lowest permissible sentence is a two-step process: the trial court must first determine whether it can depart (step one) and then it must determine whether it should depart (step two). See Banks v. State, 732 So. 2d 1065, 1067-68 (Fla. 1999). In step one, the trial court must determine whether there is a valid legal ground for departure and adequate factual support for that ground. Id. at 1067. In step two, the trial court must determine whether a downward departure is the best sentencing option for the defendant. Id. at 1068.

Here, the State contends that the trial court erred in step one because the non-

6

statutory grounds relied on by the court for Robinson's downward departure sentence are not legally valid. We agree for the reasons that follow.

First, the trial court's observation that the disposition of criminal cases is handled differently in Hamilton County than in other areas of the state is not a legally valid reason for a downward departure. The CPC is a general law that applies uniformly across the state irrespective of the nature and size of the community in which the crime was committed. See § 921.002, Fla. Stat. (2011). Moreover, under the rationale expressed by the trial court, downward departure sentences could become the norm rather than the exception in Hamilton County and similar locales. Cf. State v. Thompkins, 113 So. 3d 95, 100 (Fla. 5th DCA 2013) (reversing downward departure sentence based upon trial court's observation that the crime was based upon "anger and stupidity" because those terms are not part of the lexicon of the CPC, and explaining that "if trial courts are permitted to impose sentences below the minimum guideline range based on their perception that a crime was committed out of anger and stupidity, it would be difficult to find many cases that would not qualify for a departure sentence, thus making departure the rule rather than the exception").

Second, Robinson's lack of criminal activity since his arrest for the charged offenses is not a legally valid reason for departure. State v. Stephenson, 973 So. 2d 1259, 1264-65 (Fla. 5th DCA 2008) ("That a defendant refrains from criminal

activity for a short time is an insufficient reason for a downward departure."); see also State v. Geoghagan, 27 So. 3d 111, 114 (Fla. 1st DCA 2009); State v. Nathan, 632 So. 2d 127, 128 (Fla. 1st DCA 1994). Moreover, to the extent the trial court's statements concerning the sheriff's "confidence" in Robinson were intended to be findings that Robinson is rehabilitated and poses no future threat or danger to society, there is no competent substantial evidence to support such findings.

Third, Robinson's admission of guilt and entry of an open plea is not a legally valid reason for departure. See Geoghagan, 27 So. 3d at 113. A defendant's plea only provides justification for downward departure when there has been a "legitimate, uncoerced plea bargain" with the State. Id.; see also § 921.0026(2)(a), Fla. Stat. (2011). No such plea bargain existed in this case.

Fourth, the potential double jeopardy "issues" referenced by the trial court are unfounded and do not provide a legally valid basis for the downward departure even if (as the trial court and the parties appear to assume[5]) the two charges against Robinson are based upon the possession and sale of the same cocaine. See McCloud,

---

[5] The affidavit in support of the arrest warrant, which provided the factual basis for the plea, suggests that the two charges against Robinson were not necessarily based upon the same cocaine. The affidavit explains that Robinson "possessed a cigar bag [sic] which appeared to be full of small bags of crack cocaine and he retrieved $50 of suspected crack from the box and sold it to the CS [confidential source]. He then asked CS if they wanted to buy a full cookie." Thus, it appears that count 1 (sale of cocaine) may have been based upon the $50 of crack cocaine sold to the confidential source and count 2 (possession of cocaine with the intent to sell) may have been based upon the other small bags of crack cocaine in the cigar box.

8

577 So. 2d at 939-40 (holding that double jeopardy does not prohibit dual convictions for possession and sale of the same quantum cocaine); McMullen v. State, 876 So. 2d 589, 590 (Fla. 5th DCA 2004) (holding that double jeopardy does not preclude convictions for both sale and possession of the same cocaine within 1,000 feet of a church); see also Thomas v. State, 61 So. 3d 1157, 1158 (Fla. 1st DCA 2011) (holding that double jeopardy does not preclude convictions for both sale and possession of the same cocaine within 1,000 feet of a school).

Finally, contrary to Robinson's tipsy coachman argument on appeal, the downward departure cannot be justified under State v. Steadman, 827 So. 2d 1022 (Fla. 3d DCA 2002), because there is no evidence of "sentence manipulation" in this case. Indeed, unlike Steadman which involved a sting operation that continued for over a month for no legitimate reason except to enhance the defendant's sentencing exposure, id. at 1025, this case involved a single drug sale. Moreover, unlike Steadman, the county jail sentence imposed by the trial court in this case was well below the 39.75 month prison sentence that Robinson would have been subject to if he had only been charged with count 1. See id. at 1025-26 ("We emphasize that our holding is predicated on the fact that the sentence imposed did not go below what Steadman would have received in the absence of the sentence manipulation.").

## Conclusion

In sum, for the reasons stated above, we reverse Robinson's downward

9

departure sentence and remand for resentencing.  See Jackson v. State, 64 So. 3d 90, 93 (Fla. 2011).

REVERSED and REMANDED for resentencing.

PADOVANO, J., CONCURS; SWANSON, J., CONCURS WITH OPINION.

SWANSON, J., CONCURRING.

I concur in the decision to reverse the trial court's downward departure sentence and to remand for resentencing. The trial court's oral reasons for departing from the lowest permissible sentence were either legally invalid or not based on competent and substantial evidence in the record, as Judge Wetherell's opinion explains. I write to emphasize that on remand the law does not preclude the trial court from imposing a downward departure sentence *if it provides a legally valid basis to do so which is supported by the record*. As the Florida Supreme Court ruled in Jackson v. State, 64 So. 3d 90 (Fla. 2011):

> Based on our reading of the legislative scheme, nothing within the [Criminal Punishment Code] precludes the imposition of a downward departure sentence on resentencing following remand. To be sure, if a trial court on remand resentences a defendant to a downward departure sentence, the trial court must ensure it comports with the principles and criteria prescribed by the Code. However, an appellate court should not preclude a trial court from resentencing a defendant to a downward departure if such a departure is supported by valid grounds.

Id. at 93.[6]

_____

[6] Just recently, in Bryant v. State, 39 Fla. L. Weekly S591 (Fla. Oct. 9, 2014), the Florida Supreme Court described Jackson as being a "narrowly tailored decision" limited to instances where the trial court imposes a downward departure sentence under the Criminal Punishment Code, which does not contemplate *upward* departure sentences because, generally, the statutory maximum sentence is the highest possible sentence for any crime. 39 Fla. L. Weekly at S593. In Bryant, however, the supreme court reviewed the propriety of an *upward* departure sentence sanctioned by section 775.082(10), Florida Statutes, but which was imposed by the trial court without the court's making any written findings to support the upward departure. In such a case, the supreme court ruled its earlier decisions in Pope v. State, 561 So. 2d 554 (Fla.

11

1990), and <u>Shull v. Duggar</u>, 515 So. 2d 748 (Fla. 1987), still applied to preclude the trial court, on remand, from again imposing a departure sentence.